

William John Joseph Hoge,
*Plaintiff,*

v.

William M. Schmalfeldt,
*Defendant.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

Case No.  ELH-14-CV-1683

FILED
LODGED
ENTERED
RECEIVED

JUN 1 1 2014

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## AMENDED COMPLAINT

COMES NOW William John Joseph Hoge for his Amended Complaint against William M. Schmalfeldt alleging as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement against Defendant William M. Schmalfeldt.  Mr. Hoge seeks to recover damages from Defendant as a result of his unauthorized reproduction, preparation of derivative works, distribution, and public display of Mr. Hoge's copyrighted works.  Mr. Hoge also seeks preliminary and permanent injunctive relief to prevent further damage to himself as a result of unauthorized infringing activities by Defendant.

2. Prior to commencing this action, Mr. Hoge has demanded via several Digital Millennium Copyright Act takedown notices that Defendant cease and desist his unlawful,

infringing behavior.  Notwithstanding such notices, Defendant has continued his pattern of unlawful, infringing activities.

3.  Defendant's copyright infringement has been blatant, intentional, and willful. Accordingly, Mr. Hoge seeks copyright damages for willful copyright infringement.

## JURISDICTION AND VENUE

4.  This action arises under the Copyright Act and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 101 *et seq*.  Thus, the Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  This Court has personal jurisdiction over the Defendant because he is a resident of Maryland and all his acts relating to these claims were done in Maryland.

6.  Venue is proper in this Court pursuant to 28 U.S.C. 1400(a).

## THE PARTIES

7.  Plaintiff William John Joseph Hoge resides in Westminster, Maryland.  He is a semi-retired engineer who publishes *Hogewash!*, an Internet website.

8.  Defendant William M. Schmalfeldt (also known as Bill Schmalfeldt) is a retired writer who has published several different Internet websites and several books.  He

resides in Elkridge, Maryland.  On 14 June, 2013, Mr. Hoge was granted a peace order

against Defendant because of harassment via the Internet.[1]  On 9 December, 2013, the

order was extended for six months because of Defendant's continuing harassment.

## MR. HOGE'S COPYRIGHTS

9.  Mr. Hoge's *Hogewash!* website is a running commentary on subjects of interest to

him, what is commonly referred to as a "blog," the Internet equivalent of a newspaper

column.  There are several recurring themes, including entries (or "posts") related to the

First Amendment.  He often does first-hand reporting of news published on the website.

10.  Mr. Hoge encourages his readers to post comments about his blog entries.

Posts from new commenters are held in moderation for initial approval, and Mr. Hoge

endeavors to screen all comments for editorial suitability.  For example, obscene,

commercial spam, or grossly off-topic comments are deleted.  While the ownership of each

comment remains with its author, the *Hogewash!* Terms of Service require that

commenters grant Mr. Hoge a royalty-free license for the use of their comments as a part

of his copyrighted work.  While each commenter retains ownership of his own

comments,Mr. Hoge holds the copyright on what amounts to the anthology of his original

blog entry and the comments he, as editor, has retained on his website.  Publication of a

---

[1] *Hoge v. Schmalfeldt*, Md. Cir.Ct. Carroll Co., Case No. 06-C-13-0063359.

comment on the website does not constitute Mr. Hoge's agreement with it contents. Occasionally, other writers are published on *Hogewash!*; Mr. Hoge holds the copyright in such cases as work- for-hire.

11. On 30 April, 2014, Mr. Hoge purchased from the original author ("Paul Krendler, a pseudonymous writer) the world book and ebook[2] rights to the blog post published at http://thinkingmanszombie.wordpress.com/ 2014/04/23/we-can-write-whatever-we-want-right/.

12. Applications for certificates of registration have been submitted to the Copyright Office by Mr. Hoge and "Paul Krendler" for all works covered by the instant lawsuit in conformance with this Court's precedent. See *Patrick Collins, Inc. v. Does 1-22*, 11-CV-01772-AW (D.Md. 2011) ECF No. 18 at 3, 4.

## COPYRIGHT INFRINGEMENT

13. Defendant has repeatedly taken all or essentially all of complete blog posts written by Mr. Hoge and republished them without permission. Publication has been via books and ebooks, via various Internet websites operated by Defendant, and via the social media service Twitter.

---

[2] A ebook is a digital form of publication intended to be read on a computer or a device such as an Amazon Kindle or Apple iPad.

4

14.  Defendant has republished approximately 80 percent of the blog post referenced in paragraph 11 above in both book and ebook formats without permission.

15.  Mr. Hoge has filed DMCA takedown notices and infringement notices with various Internet Service Providers and publishers related to Defendant's infringing activity.  The first such notices were sent during the Summer of 2013.  The most recent notices were sent to Amazon (19 April, 2014) and Smashwords (21 April, 2014) for *My Slow, Journalistic Death*; Lulu (22 April, 2014) for *Brain Dead*; and CreateSpace (30 April, 2014) for *Intentional Infliction*.[3]

16. On or about 15 May, 2014, Defendant posted the following statement on his *Patriot-Ombudsman* blog: "Here is my official DMCA Takedown Counterclaim. Hoge ... [has] until June 4 AT THE LATEST to file suit against me in US District Court for the District of Maryland."[4]

## INFRINGEMENT VIA BOOKS AND EBOOKS (COUNTS I, II, AND III)
### Count I—*My Slow, Journalistic Death*

17.  All paragraphs above are hereby incorporated by reference.

---

[3] Smashwords is an online publisher of ebooks. Lulu and CreateSpace are print-to-order publishers used by authors who are self-publishing. Amazon is major online bookseller and the parent company of CreateSpace.

[4] http://patriot-ombudsman.com/my-official-dmca-takedown-counterclaim/index.html/ viewed 15 May, 2014.

18. On 14 April, 2014, Mr. Hoge published a blog post titled *Are You Pondering What I'm Pondering?*[5] at http://hogewash.com/2014/04/14/are-you-pondering-what-im-pondering-648/. The post generated over one hundred comments from readers.

19. On or about 18 April, 2014, Defendant published his ebook, *My Slow, Journalistic Death*, online. Chapter Thirteen of his book reproduced Mr. Hoge's 14 April website entry with comments *in toto*. This use was without permission. Defendant offered copies of his book for sale and sold copies over the Internet as ebooks via Amazon and Smashwords.

20. On 20 April, 2014, Mr. Hoge advised Amazon of the infringing content in *My Slow, Journalistic Death*. Amazon removed the ebook from their catalog the next day. On 21 April, 2014, Mr. Hoge advised Smashwords by means of a DMCA takedown notice of the infringing content in *My Slow, Journalistic Death*. Smashwords removed the ebook from their catalog the next day.

21. Defendant's use of Mr. Hoge's copyrighted material was without authorization from Mr. Hoge or the law, infringing Mr. Hoge's rights under 17 U.S.C. § 106 to reproduce the copyrighted work, prepare derivative works, distribute copies of the work to the public, or display the work publicly. Defendant's sale of infringing copies and realization of value and benefits belonging to Mr. Hoge entitles Mr. Hoge to damages pursuant to 17 U.S.C.

---

[5] *Are You Pondering What I'm Pondering?* is used as the title of a series on humorous, non sequitur pieces on *Hogewash!*; over 700 have been published.

§ 504(b).  Because Defendant's infringement was knowing and willful (as shown by his continued infringement after being subject to takedown notices), Mr. Hoge is entitled to statutory damages pursuant to § 504(c)(2) and costs pursuant to § 505.

## Count II—*Brain Dead*

22.  All paragraphs above are hereby incorporated by reference.

23. On or about 22 April, 2014, Defendant offered a printed version of the ebook referenced in Count I above for sale on the Internet via the print-to-order service Lulu. This version was titled *Brain Dead*. At least one copy was sold.

24.  On information and belief, on or about 22 April, 2104, complaints were made to Lulu by at least one unknown third party concerning infringing material in *Brain Dead*.[6] Lulu removed the book from their catalog on 22 April.

25.  Defendant's use of Mr. Hoge's copyrighted material was without authorization from Mr. Hoge or the law, infringing Mr. Hoge's rights under 17 U.S.C. § 106 to reproduce the copyrighted work, prepare derivative works, distribute copies of the work to the public, or display the work publicly.  Defendant's sale of infringing copies and realization of value and benefits belonging to Mr. Hoge entitles Mr. Hoge to damages pursuant to 17 U.S.C. § 504(b).  Because Defendant's infringement was knowing and willful (as shown by his

---

[6] *Brain Dead* also infringed several other authors' works.

7

continued infringement after being subject to takedown notices), Mr. Hoge is entitled to statutory damages pursuant to § 504(c)(2) and costs pursuant to § 505.

## Count III—*Intentional Infliction*

26. All paragraphs above are hereby incorporated by reference.

27. On or about 23 April, 2014, Defendant published his book *Intentional Infliction* via the CreateSpace service operated by Amazon. The bulk of the first chapter is a reproduction of approximately 80 percent of the blog post referenced in paragraph 11 above. This was done without the permission of the author. In that chapter Defendant brags that he could do so without fear of enforcement of the copyright because of the original author's desire to protect his anonymity.

28. After acquiring the world book and ebook rights from the original author, Mr. Hoge informed CreateSpace of the copyright infringement on 30 April, 2014, and the book was dropped from their catalog.

29. Defendant's use of Mr. Hoge's copyrighted material was without authorization from the original author, Mr. Hoge, or the law, infringing Mr. Hoge's rights under 17 U.S.C. § 106 to reproduce the copyrighted work, prepare derivative works, distribute copies of the work to the public, or display the work publicly. Defendant's sale of infringing copies and realization of value and benefits belonging to Mr. Hoge entitles Mr.

Hoge to damages pursuant to 17 U.S.C. § 504(b).  Because Defendant's infringement was knowing and willful (as shown by his continued infringement after being subject to takedown notices), Mr. Hoge is entitled to statutory damages pursuant to § 504(c)(2) and costs pursuant to § 505.

### INFRINGEMENT VIA INTERNET WEBSITES (COUNTS IV THROUGH XXV)

30. All paragraphs above are hereby incorporated by reference.

31.. Since 1 March, 2014, Defendant has published at least 22 infringing uses of Mr. Hoge's copyrighted works on his Internet website patriot-ombudsman.com.  This was done by incorporating them within blog posts created by Defendant.

32. Table 1 below catalogs the dates and URLs of the infringing web pages and the titles, URLs[7], and dates of publication of Mr. Hoge's original posts. In each instance, Defendant reproduced all or almost all of each of Mr. Hoge's original work.[8]

---

[7] A URL is a uniform resource locator. It's the web address normally entered in the address bar of a web browser such as example.com.

[8] The titles *Are You Pondering What I'm Pondering?*, *Prevarication Du Jour,* and *Team Kimberlin Post of the Day* are used for recurring features. The different posts in each series have unique serial numbers embedded in the their URLs.

**Table 1. Infringing Website Postings.**

| Count | Date of Infringement | Infringing URL | Original Post Title | Original URL | Date of Publication |
|---|---|---|---|---|---|
| IV | 23 Mar, 2014 | patriot-ombudsman.com/2014/03/hoge-says- ill-take-his-abuse- and-like-it/index.html | *Section 230* | hogewash.com/2014/02/25/whats- all-this-then/ | 23 Mar, 2014 |
| V | 26 Mar, 2014 | patriot-ombudsman.com/2014/03/john-hoge-esq-misreads-law/index.html | *Prevarication Du Jour* | hogewash.com/2014/03/26/prevarication-du-jour-85/ | 26 Mar, 2014 |
| VI | 26 Mar, 2014 | patriot-ombudsman.com/2014/03/john-hoge- esq-misreads-law/index.html | *On Decorum* | hogewash.com/2014/03/26/on-decorum/ | 26 Mar, 2014 |
| VII | 28 Mar, 2014 | patriot-ombudsman.com/2014/03/john-hoge- esq-misreads-law/index.html | *I Don't Think the Cabin BoyTM Likes Me* | hogewash.com/2014/03/28/deja-vu/ | 28 Mar, 2014 |
| VIII | 28 Mar, 2014 | patriot-ombudsman.com/2014/03/damn-it-gotta-break-my-own-rule/index.html | *Déjà Vu* | hogewash.com/2014/03/28/deja-vu/ | 28 Mar, 2014 |
| IX | 29 Mar, 2014 | patriot-ombudsman.com/2014/03/exposing-hoges-hamfisted-fraud-or-is-the-old-fool-being-played/index.html | *Déjà Vu* | hogewash.com/2014/03/28/deja-vu/ | 28 Mar, 2014 |

| Count | Date of Infringement | Infringing URL | Original Post Title | Original URL | Date of Publication |
|-------|---------------------|----------------|---------------------|--------------|---------------------|
| X | 5 Apr, 2014 | patriot-ombudsman.com/2014/04/a-paradox- a-paradox-a-most-ingenious-paradox/index.html | *Déjà Vu* | hogewash.com/2014/03/28/deja-vu/ | 28 Mar, 2014 |
| XI | 5 Apr, 2014 | patriot-ombudsman.com/2014/04/agent-hoge-of-the-irs/index.html | *Deep in the Heart of Taxes* | hogewash.com/2014/04/05/deep-in- the-heart-of-taxes-2/ | 5 Apr, 2014 |
| XII | 6 Apr, 2014 | patriot-ombudsman.com/2014/04/10-reasons-why-hoge-should-not-be-worrying-about-my- taxes/index.html | *Déjà Vu* | hogewash.com/2014/03/28/deja-vu/ | 28 Mar, 2014 |
| XIII | 6 Apr, 2014 | patriot-ombudsman15.com /2014/04/hoge-needs-new-software/index.html | *520 < 1000* | hogewash.com/2014/04/06/520-10 0 0/ | 6 Apr, 2014 |
| XIV | 7 Apr, 2014 | patriot-ombudsman.com/2014/04/lets-get-the-truth/index.html | *In Re Case No. 5T00087071* | hogewash.com/2014/04/07/in-re-case-no-5t00087071/ | 7 Apr, 2014 |
| XV | 7 Apr, 2014 | patriot-ombudsman.com/2014/04/the-small-details/index.html | *In Re Case No. 5T00087071* | hogewash.com/2014/04/07/in-re-case-no-5t00087071/ | 7 Apr, 2014 |
| XVI | 8 Apr, 2014 | patriot-ombudsman.com/2014/04/another-hoge-dog-whistle/index.html | *Email at Lunchtime* | hogewash.com/2014/04/08/email-at- lunchtime/ | 8 Apr 2014 |

| Count | Date of Infringement | Infringing URL | Original Post Title | Original URL | Date of Publication |
|---|---|---|---|---|---|
| XVII | 8 Apr, 2014 | patriot-ombudsman.com/2014/04/sadist-takes-death-threat-against-me-tries-to-turn-it-into-threat-against-him/index.html | *Ooooooh, Noooooo!* | hogewash.com/2014/04/08/ooooooh-noooooo/ | 8 Apr 2014 |
| XVIII | 17 Apr, 2014 | patriot-ombudsman.com/a-further-manifestation-of-hoges-dishonesty/index.html | *Irony Alert* | hogewash.com/2014/04/17/irony-alert-4/ | 17 Apr, 2014 |
| XIX | 17 Apr, 2014 | patriot-ombudsman.com/a-further-manifestation-of-hoges-dishonesty/index.html | *Such a Deal!* | hogewash.com/2014/04/17/such-a-deal/ | 17 Apr, 2014 |
| XX | 30 Apr, 2014 | patriot-ombudsman.com/IntentionalInfliction.pdf | *Are You Pondering What I'm Pondering?* | hogewash.com/2014/04/14/are-you-pondering-what-im-pondering-648/ | 14 Apr, 2014 |
| XXI | 30 Apr, 2014 | patriot-ombudsman.com/the-hoge-fckarama-ends-here/index.html | *In Re a Copyright* | hogewash.com/2014/04/30/in-re-a-copyright-2/ | 30 Apr, 2014 |
| XXII | 11 May, 2014 | patriot-ombudsman.com/the-center-of-the-solar-system/index.html | *I'm Sure It's Just A Coincidence …* | hogewash.com/2014/05/11/im-sure-its-just-a-coincidence/ | 11 May, 2014 |
| XXIII | 15 May, 2014 | patriot-ombudsman.com/my-official-dmca-takedown-counterclaim/ | *In Re a Copyright* | hogewash.com/2014/04/30/in-re-a-copyright-2/ | 30 Apr, 2014 |

| Count | Date of Infringement | Infringing URL | Original Post Title | Original URL | Date of Publication |
|-------|---------------------|----------------|---------------------|--------------|---------------------|
| XXIV | 17 May, 2014 | patriot-ombudsman.com/know-love-hoge-absolutely-nothing/index.html | *Faildoxing in Progress* | hogewash.com/2014/05/17/faildoxing-in-porgress/ | 17 May, 2014 |
| XXV | 20 May, 2014 | patriot-ombudsman.com/know-love-hoge-absolutely-nothing/index.html | *Ho, Hum! Another Frivolous Lawsuit* | hogewash.com/2014/05/20/ho-hum- another-frivolous- lawsuit/ | 30 May, 2014 |

33. Defendant's uses of Mr. Hoge's copyrighted material in Counts IV through XIX and Counts XXI through XXV were without authorization from Mr. Hoge or the law, infringing Mr. Hoge's rights under 17 U.S.C. § 106 to reproduce the copyrighted work, prepare derivative works, distribute copies of the work to the public, or display the work publicly.  Because Defendant's infringement was knowing and willful (as shown by his continued infringement after being subject to takedown notices), Mr. Hoge is entitled to statutory damages pursuant to § 504(c).

34. Defendant's use of Mr. Hoge's copyrighted material in Count XX (Internet republication of the material referenced in Counts I and II) was without authorization from Mr. Hoge or the law, infringing Mr. Hoge's rights under 17 U.S.C. § 106 to reproduce the copyrighted work, prepare derivative works, distribute copies of the work to the public, or display the work publicly.  Because Defendant's infringement was knowing and willful (as shown by his continued infringement after being subject to takedown notices), Mr. Hoge is entitled to statutory damages pursuant to § 504(c)(2) and costs pursuant to § 505.

## INFRINGEMENT VIA TWITTER (COUNTS XXVI THROUGH XXXVII)

35.  All paragraphs above are hereby incorporated by reference.

36.  Since 1 March, 2014, Defendant has published at least 12 infringing uses of Mr. Hoge's copyrighted works in messages sent via the social media service Twitter.  Twitter messages (or "tweets") are limited to 140 characters, but Defendant included whole blog posts by capturing them as images and embedding those images in his tweets.  The tweets were sent by Defendant using two different user account names:  @ParkyBillTweets, and @PatOmbudsman.

37. Table 2 below catalogs the dates and account names associated with the infringing tweets and the titles, URLs, and dates of publication of Mr. Hoge's original posts. In each instance, Defendant reproduced all or almost all of each of Mr. Hoge's original work.

### Table 2. Infringing Tweets

| Count | Date of Infringement | Infringing Twitter Account | Original Post Title | Original URL | Date of Publication |
|-------|---------------------|---------------------------|--------------------|-------------|--------------------|
| XXVI | 28 Mar, 2014 | @ParkyBillTweets | *Are You Pondering What I'm Pondering?* | hogewash.com/ 2014/03/28/are- you- pondering- what-im- pondering-615/ | 28 Mar, 2014 |

| | | | | | |
|---|---|---|---|---|---|
| XXVII | 29 Mar, 2014 | @ParkyBillTweets | *Are You Pondering What I'm Pondering?* | hogewash.com/ 2014/03/29/are- you- pondering- what-im- pondering-618/ | 29 Mar, 2014 |
| XXVIII | 30 Mar, 2014 | @ParkyBillTweets | *Prevarication Du Jour* | hogewash.com/ 2014/03/30/ prevarication-du- jour-88/ | 30 Mar, 2014 |
| XXVIX | 30 Mar, 2014 | @ParkyBillTweets | *Prevarication Du Jour* | hogewash.com/ 2014/03/30/ prevarication-du- jour-88/ | 30 Mar, 2014 |
| XXX | 30 Mar, 2014 | @ParkyBillTweets | *Prevarication Du Jour* | hogewash.com/ 2014/03/30/ prevarication-du- jour-88/ | 30 Mar, 2014 |
| XXXI | 7 Apr, 2014 | @PatOmbudsman | *In Re Case No. 5T00087071* | hogewash.com/ 2014/04/07/in-re- case- no-5t00087071/ | 7 Apr, 2014 |
| XXXII | 10 Apr, 2014 | @PatOmbudsman | *But, Your Honor, I'm Pro Se* | hogewash.com/ 2014/04/10/but- your-honor-im-pro- se/ | 10 Apr, 2014 |
| XXXIII | 20 Apr, 2014 | @PatOmbudsman | *Amazon Report* | hogewash.com/ 2014/04/20/ amazon- report/ | 10 Apr, 2014 |
| XXXIV | 20 Apr, 2014 | @PatOmbudsman | *Amazon Report* | hogewash.com/ 2014/04/20/ amazon- report/ | 20 Apr, 2014 |
| XXXV | 21 Apr, 2014 | @PatOmbudsman | *Are You Pondering What I'm Pondering?* | hogewash.com/ 2014/04/14/are- you- pondering- what-im- pondering-648/ | 14 Apr, 2014 |
| XXXVI | 21 Apr, 2014 | @PatOmbudsman | *Are You Pondering What I'm Pondering?* | hogewash.com/ 2014/04/14/are- you- pondering- what-im- pondering-648/ | 14 Apr, 2014 |

| XXXVII | 21 Apr, 2014 | @PatOmbudsman | *Are You Pondering What I'm Pondering?* | hogewash.com/ 2014/04/14/are- you- pondering- what-im- pondering-648/ | 14 Apr, 2014 |

38.  Defendant's use of Mr. Hoge's copyrighted material was without authorization from Mr. Hoge or the law, infringing Mr. Hoge's rights under 17 U.S.C. § 106 to reproduce the copyrighted work, prepare derivative works, distribute copies of the work to the public, or display the work publicly.  Because Defendant's infringement was knowing and willful (as shown by his continued infringement after being subject to takedown notices), Mr. Hoge is entitled to statutory damages pursuant to § 504(c).

## STATEMENT REGARDING DROPPED COUNTS

39.  Based on an economic cost/benefit analysis, Mr. Hoge has dropped all counts relating to items published before 1 March, 2014.[9]  Defendant has recently filed and withdrawn a lawsuit in this Court, and he sought to file in forma pauperis.  See Case No. 14-CV-1685.  Given Defendant alleged financial situation and the possible difficulties of collecting on any award of damages, Mr. Hoge has chosen not to pursue the older claims.

---

[9] Mr. Hoge will not not pursue his claims for the earlier infringement published on the websites olduncbastard.com, lordofsatire.com, or fighttherightradio.com or on the Twitter accounts @PoopFlakedBeard, @WMSRadio1943, @WMSBroadcasting, @DeepBrainRadio, @DespicableBill, @DerangedComic, @2014Radio, or @VeryBadRadio.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Honorable Court to

i.) ISSUE an ORDER finding that Defendant William M. Schmalfeldt's unauthorized actions violate Mr. Hoge's rights under 17 U.S.C. §§ 101 *et seq.*;

ii.) Permanently ENJOIN Defendant from further infringement of Mr. Hoge's copyrighted works;

iii.) ORDER that Defendant SHALL permanently delete any digital copies of Mr. Hoge's copyrighted works from any computer, electronic device, or other digital storage medium in his possession or under his control;

iv.) ORDER that Defendant SHALL pay to Mr. Hoge statutory damages pursuant to § 504(c)(2) in the amount of $150,000 each for Counts I, II, III, and XX ($600,000 total);

v.) ORDER that Defendant SHALL pay to Mr. Hoge damages pursuant to § 504(b) equal to the amount of all profits derived from the sales of books or ebooks referenced in Counts I, II, and III;

vi.) ORDER that Defendant SHALL pay to Mr. Hoge statutory damages pursuant to § 504(c)(1) in the amount of $750 each for Counts IV through XIX and Counts XXI through XXXVII ($24,750 total);

vii.) ORDER that Defendant SHALL pay all of Mr. Hoge's costs and reasonable expenses related to this action pursuant to § 505;

viii.) ORDER that Defendant SHALL pay all damages, costs, and expenses due to the Clerk

of the Court for disbursement to Mr. Hoge; and

ix.) GRANT all other such relief as the Court may deem just and proper.


Date: 10 June, 2014                                    Respectfully submitted,

                                                       William John Joseph Hoge, *pro se*
                                                       20 Ridge Road
                                                       Westminster, Maryland  21157
                                                       (410) 596-2854
                                                       himself@wjjhoge.com


## Certificate of Service

I certify that on the 10th day of June, 2014, I served a copy of the foregoing
Amended Complaint on William M. Schmalfeldt by First Class Mail to Trailer 71, 6636
Washington Blvd., Elkridge, Maryland  21075.

                                                       William John Joseph Hoge