William John Joseph Hoge,
*Plaintiff,*

v.

William M. Schmalfeldt,
*Defendant.*

William M. Schmalfeldt,
*Counterclaim Plaintiff,*

v.

William John Joseph Hoge, *et al.*
*Counterclaim Defendant.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

Case No. ELH-14-CV-1683

FILED ENTERED
LODGED RECEIVED

JUN 11 2014

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

**COUNTERCLAIM DEFENDANT HOGE'S MOTION TO DISMISS COUNTERCLAIMS**

COMES NOW Counterclaim Defendant William John Joseph Hoge with this Motion to Dismiss Counterclaims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of personal jurisdiction and/or for failure to state a claim upon which relief may be granted. In support of this motion, Mr. Hoge states as follow:

**LACK OF JURISDICTION**

In paragraph 48 of Counterclaim Plaintiff's FIRST AMENDED ANSWER OF

DEFENDANT, COUNTERCLAIMS OF WILLIAM M. SCHMALFELDT AND JURY DEMAND ("Counterclaims"), Counterclaim Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. However, he raises no federal question among his counterclaims.

Thus, this Court should dismiss the Counterclaims for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## FIRST CLAIM FOR RELIEF—MALICIOUS PROSECUTION AND ABUSE OF PROCESS

Counterclaim Plaintiff fails to properly allege the elements of either malicious prosecution or abuse of process.

In order to establish the elements of malicious prosecution, Counterclaim Plaintiff must show that a counterclaim defendant (1) intentionally instituted or caused to be instituted civil or criminal proceeding against him (2) with no probable cause and that (3) was dismissed in his favor. See *Exxon Corp. v. Kelly*, 281 Md. 689, 693 (1978). While Counterclaim Plaintiff cites multiple instances of criminal proceedings begun because of Applications for Statement of Charges filed by Mr. Hoge, he fails to allege that any proceeding was begun without probable cause. Thus, Counterclaim Plaintiff fails to properly allege any malicious prosecution with respect to any criminal action.

In order to establish the elements of abuse of process, Counterclaim Plaintiff must show that (1) a prior civil proceeding was instituted by a counterclaim defendant, that (2)

the proceeding was instituted without probable cause, that (3) the proceeding was instituted with malice, that (4) the proceeding terminated in favor of Counterclaim Plaintiff, and that (5) damages were inflicted upon Counterclaim Plaintiff by arrest or imprisonment, by seizure of property, or other special injury which would not necessarily result in all other suits prosecuted to recover for a like cause of action. See *Keys v. Chrysler Credit Corporation, et al.*, 303 Md. 397 (1985). Until the instant suit was filed, the only civil actions brought by Mr. Hoge against Counterclaim Plaintiff were the two peace order petitions noted above. Given that the first petition was granted, probable cause clearly existed, and the proceeding was not terminated in Counterclaim Plaintiff's favor. Thus, Counterclaim Plaintiff fails to properly allege any abuse of process.

In light of the foregoing, this Court should dismiss Counterclaim Plaintiff's First Claim for Relief for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND CLAIM FOR RELIEF—DEFAMATION AND LIBEL

Counterclaim Plaintiff offers nothing more than conclusory statements in pleading his case concerning defamation or libel. Such arm-waving in lieu of proper pleading fails the requirement set down by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662. 678 (2009): "Threadbare recitals of the elements of a cause of action, supported

my mere conclusory statements, do not suffice." In order to establish the elements of the tort of defamation, Counterclaim Plaintiff must show (1) that a counterclaim defendant made a defamatory statement to a third party, (2) that the statement was false, (3) that the counterclaim defendant was legally at fault in making the statement, and (4) that Counterclaim Plaintiff suffered harm thereby. See *Offen v. Brenner*, 935 A.2d 719, 723-4 (Md. 2007).

Counterclaim Plaintiff complains of "attacks on me" (Counterclaims, ¶ 50), of being painted as an "obsessive stalker" (*Id.*, ¶ 51), of being called an "adjudicated cyber stalker" (*Id.*, ¶ 52), and of being libeled and defamed on a daily basis (*Id.*, ¶ 57). In making those allegation, Counterclaim Plaintiff does not specify when or how Mr. Hoge "attacked" him, or when Mr. Hoge referred to him as an "obsessive stalker" or "adjudicated cyber harasser," or what words Mr. Hoge has ever written that were defamatory and when those words might have been published. Indeed, on information and belief he cannot plead his defamation case with any specificity without running afoul of Fed R. Civ. P. 11.

Further, the Maryland Court of Appeals has noted "truth is no longer an affirmative defense to be established by the defendant, but instead the burden of proving falsity rests upon the plaintiff ..." See *Jacron Sales Co., Inc. v. Sindorf*, 276 Md. 580, 597 (1976). Counterclaim Plaintiff's conclusory allegations come nowhere near that standard.

In light of the foregoing, this Court should dismiss Counterclaim Plaintiff's Second Claim for Relief for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## THIRD CLAIM FOR RELIEF—HARASSMENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

There is no common law tort of "harassment." While there are jurisdictions which recognize harassment as a cause of action by statute (*e.g.*, California), Maryland is not one of them. Even if such a cause of action existed, this Court's precedent would disallow the sort of claim made in paragraph 57 of the Counterclaims. Counterclaim Plaintiff has not shown any of Mr. Hoge's speech or writings that were directed *to* him, only those *about* him. Such non-violent speech to a general audience is clearly protected. See *U.S. v. Cassidy*, 814 F.Supp.2d 574 (D.Md. 2011).

In order to establish the elements of intentional infliction of emotional distress, Counterclaim Plaintiff must show that a counterclaim defendant's actions (1) were intentional or reckless and (2) were extreme and outrageous, that (3) there is a causal connection between the wrongful conduct and the emotional distress, and that (4) the emotional distress is severe. See *Harris v. Jones*, 281 Md. 560, 566 (1977). Again, Counterclaim Plaintiff offers nothing beyond conclusory allegations, suggesting, for example, that Mr. Hoge's filing a complaint for copyright infringement is engaging in

extreme and outrageous behavior or wrongful conduct intended to cause him injury. Counterclaims, ¶¶ 107, 111. Again, on information and belief Counterclaim Plaintiff cannot plead his case with specificity within the limitations imposed by Rule 11.

In light of the foregoing, this Court should dismiss Counterclaim Plaintiff's Third Claim for Relief for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## PUNITIVE DAMAGES

Given that Counterclaim Plaintiff has not properly alleged any claim for which compensatory damages might be awarded, he has not shown that he is entitled to any award of punitive damages.

## OTHER PARTY

Mr. Hoge has an interest in seeing all counterclaims dismissed against the other party named as a counterclaim defendant. Having to try matters unrelated to Mr. Hoge's copyright claims is prejudicial to Mr. Hoge's interest in a speedy and uncluttered disposition of his lawsuit.

Given that the deficiencies in the allegations against Mr. Hoge cited above generally apply to the allegations against the other Counterclaim Defendant, this Court should dismiss the Counterclaims against him pursuant to Fed. R. Civ. P. 12(b)(6) as well.

Further, Counterclaim Plaintiff alleges that this Court has diversity jurisdiction over the other Counterclaim Defendant. However, diversity does not exist given that Counterclaim Plaintiff and Mr. Hoge are both residents of Maryland. Thus, the Counterclaims against the other Counterclaim Defendant pursuant to Fed R. Civ. P. 12(b)(1) for lack of personal jurisdiction, allowing Mr. Hoge's lawsuit to proceed unencumbered.

## CONCLUSION

WHEREFORE, Counterclaim Defendant Hoge asks this Honorable Court to DISMISS with prejudice all Counterclaim Plaintiff's counterclaims for lack of jurisdiction and/or failure to state a claim upon which relief can be based and to enter judgment in Counterclaim Defendant Hoge's favor and against Counterclaim Plaintiff as follows:

(i.) That Counterclaim Plaintiff SHALL have nothing and

(ii.) That Counterclaim Defendant Hoge SHALL have such other relief as the Court may find just and proper.

Date: 10 June, 2014

Respectfully submitted,

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland 21157
(410) 596-2854
himself@wjjhoge.com

**Verification**

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

William John Joseph Hoge

**Certificate of Service**

I certify that on the 10th day of June, 2014, I served a copy of the foregoing Motion to Dismiss on William M. Schmalfeldt by First Class Mail to Trailer 71, 6636 Washington Blvd., Elkridge, Maryland 21075.

William John Joseph Hoge