**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
OFFICE OF THE CLERK

Felicia C. Cannon, Clerk                              Reply to Northern Division Address
Jarrett B. Perlow, Chief Deputy
Elizabeth B. Snowden, Chief Deputy

June 11, 2014

1:14−cv−01683−ELH
Hoge v. Schmalfeldt

William M. Schmalfeldt
6636 Washington Blvd.
Lot 71
Elkridge, MD 21075

Dear William M. Schmalfeldt:

William John Joseph Hoge has filed a motion to dismiss or for summary judgment. If this motion is granted, it could result in the dismissal of your case or the entry of judgment against you.

You have the right to file a response to this motion within seventeen (17) days from the date of this letter. Your response should respond to and explain the facts or matters stated in the motion, but please note that Local Rule 105.3 limits the length of a memorandum to 50 pages, excluding affidavits, exhibits, and attachments. If appropriate, your response may include affidavits (statements made under oath); declarations (statements made subject to the penalty of perjury under 28 U.S.C. Â§ 1746); or other materials contesting the affidavits, declarations, or records filed by the defendant(s).

If you do not file a timely written response, the Court may dismiss the case or enter judgment against you without further notice. For your reference, a copy of Federal Civil Rules 12 and 56, which govern a motion to dismiss or summary judgment, are attached to this letter.

Sincerely,
FELICIA C. CANNON, CLERK

By:_____/s/_____
J Lewis, Deputy Clerk

Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing

(a) TIME TO SERVE A RESPONSIVE PLEADING. (1) In General. Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint; or (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States. (B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim. (C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time. (2) United States and Its Agencies, Officers, or Employees Sued in an Official Capacity. The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney. (3) United States Officers or Employees Sued in an Individual Capacity. A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later. (4) Effect of a Motion. Unless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court.s action; or (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

(b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject–matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19. A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

(c) MOTION FOR JUDGMENT ON THE PLEADINGS. After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings.

(d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

(e) MOTION FOR A MORE DEFINITE STATEMENT. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

(f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

(g) JOINING MOTIONS. (1) Right to Join. A motion under this rule may be joined with any other motion allowed by this rule. (2) Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

(h) WAIVING AND PRESERVING CERTAIN DEFENSES. (1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)–(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course. (2) When to Raise Others. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be

raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial. (3) Lack of Subject–Matter Jurisdiction. If the court determines at any time that it lacks subject–matter jurisdiction, the court must dismiss the action.

(i) HEARING BEFORE TRIAL. If a party so moves, any defense listed in Rule 12(b)(1)–(7) – whether made in a pleading or by motion – and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial. (As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007; eff. Dec. 1, 2009.)

Rule 56. Summary Judgment

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) PROCEDURES. (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record. (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order.

(f) JUDGMENT INDEPENDENT OF THE MOTION. After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) FAILING TO GRANT ALL THE REQUESTED RELIEF. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case.

(h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court – after notice and a reasonable time to respond – may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions. (As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; eff. Dec. 1, 2009; eff. Dec. 1, 2010)

28 USC § 1746. Unsworn declaration under penalty of perjury. Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be

supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature) (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature) (Added Pub. L. 94.550, Â§ 1(a), Oct. 18, 1976, 90 Stat. 2534.)