|  |  |
|---|---|
| William John Joseph Hoge,<br>*Plaintiff,*<br><br>v.<br><br>William M. Schmalfeldt,<br>*Defendant.* | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF MARYLAND<br>NORTHERN DIVISION<br><br>Case No. ELH-14-CV-1683 |

### PLAINTIFF HOGE'S MOTION FOR PRELIMINARY INJUNCTION

COMES NOW Plaintiff William John Joseph Hoge with this Motion for Preliminary Injunction to prevent Defendant Schmalfeldt's further use of Mr. Hoge's copyrighted material without permission. In support of this motion, Mr. Hoge states as follows:

### FACTS

1. On information and belief Defendant has a pattern of viewing Mr. Hoge's website *Hogewash!* and capturing digital image files of what he sees on his computer screen (called "screencaps" in Internet vernacular). He takes such images, often of whole articles (or blog "posts"), and republishes them without permission. The instant lawsuit deals with such online republication of Mr. Hoge's copyrighted material via Defendant's *Patriot-Ombudsman* website (patriot-ombudsman.com) and the social medium Twitter

(twitter.com) and with other republication of Mr. Hoge's copyrighted material in books and ebooks.

2. Mr. Hoge has taken steps place the various publishers and online service providers on notice of Defendant's infringement. Defendant responded with the following: "Here is my official DMCA Takedown Counterclaim. Hoge ... [has] until June 4 AT THE LATEST to file suit against me in US District Court for the District of Maryland."[1]

3. The instant law suit was file pursuant to the requirement in 17 U.S.C § 512(g) to file for injunctive relief within 14 business of a DMCA counterclaim.

### MR. HOGE'S LAWSUIT WILL LIKELY SUCCEED ON THE MERITS

4. The two elements to be proved in a copyright infringement action are (1) that a the plaintiff holds a valid copyright on the work(s) in question and (2) the defendant used the work(s) without authorization from the copyright holder or the law.

5. Applications for certificates of registration have been submitted to the Copyright Office by Mr. Hoge and "Paul Krendler"[2] for all works covered by the instant lawsuit in

---

[1] http://patriot-ombudsman.com/my-official-dmca-takedown-counterclaim/index.html/ viewed 15 May, 2014.

[2] "Paul Krendler" is the pseudonymous author of one of the works covered by the instant lawsuit.

conformance with this Court's precedent. See *Patrick Collins, Inc. v. Does 1-22*, 11-CV-01772-AW, ECF No. 18 (D.Md. 2011) at 3, 4.

6. Defendant effectively admits in his Amended Answer (ECF No. 8) to Mr. Hoge's Complaint that he has republished Mr. Hoge's works without permission by raising the issue of Fair Use.

7. Therefore, a *prima facie* case for copyright infringement exists, and it is likely that Mr. Hoge's case will succeed on the merits. The motion for a preliminary injunction should be granted.

### MR. HOGE FACES IRREPARABLE HARM WITHOUT A PRELIMINARY INJUNCTION

8. Defendant is a copyright scofflaw, a serial infringer who continues to use the copyrighted work of others on the Internet. Exhibit A shows an extract from a recent posting on his *I Got Your Lawsuit, Right Here!* website which incorporates material lifted "Paul Krendler's" website.[3]

---

[3] Exhibit A is an extract from http://i-got-yer-lawsuit-right-here.com/2014/06/why-i-am-so-looking-forward-to-meeting-paul-krendler/ viewed 11 June, 2014. The original "Krendler" material can be found at http://thinkingmanszombie.wordpress.com/2014/05/15/trying-to-silence-me-pretty-much-because-im-guilty/. The image of the "Krendler" material was stored on the Defendant's website as http://i1.wp.com/i-got-yer-lawsuit-right-here.com/wp-content/uploads/2014/06/Screen-Shot-2014-06-09-at-5.04.04-PM.png.

3

9. Defendant continues to screencap and republish comments from Mr. Hoge's *Hogewash!* website. For example, see Exhibit B.[4]

10. The Supreme Court has recognized that a copyright holder possesses "the right to exclude others from using his property." *Fox Film Corp. v. Doyal*, 286 U.S. 123, 127 (1932). If Defendant's infringement is allowed to continue, Mr. Hoge's right to control the use of his property will be partially extinguished. The harm from uncontrolled distribution of intellectual property is essentially the same whether it is a literary work, a newsletter, or software. "[H]arm to ... [one's] ability to control the distribution of ... software is sufficient to establish irreparable harm." *Adobe Sys., Inc. v. Kornrumpf*, 2011 WL 6303358 (N.D.Cal. Dec. 16, 2011) quoted in *Accusoft Corrporation v. Quest Diagnostics, et al.*, Case No. 12-CV-40007-TSH, ECF No. 53 (D.Ma. 2012) at 16.

11. Given Defendant's continuing behavior as a copyright infringer and the likelihood of additional infringement, a preliminary injunction prohibiting Defendant's further use of Mr. Hoge's copyrighted material until a final disposition of the instant lawsuit should be granted.

---

[4] Exhibit B is from Defendant's @WMSRadioNetwork Twitter account at https://twitter.com/wmsradionetwork/status/476478061093728256 viewed 11 June, 2014. It republishes the comment found at http://hogewash.com/2014/06/10/meanwhile-back-at-the-merits/#comment-44971.

4

## THE BALANCE OF HARMS WEIGHS IN MR. HOGE'S FAVOR

12. The injunctive relief Mr. Hoge seeks would not place a gag on Defendant. He would be free to speak and write on any subject, including Mr. Hoge and criticism of his writings. But he would be temporarily restrained from appropriation of Mr. Hoge's work and any further unauthorized distribution thereof.

13. Absent some relief, Mr. Hoge will lose control of the use of his intellectual property and will be at risk for some degree of ongoing and potentially increasing infringement.

14. Thus, the balance of harms is in Mr. Hoge's favor and the preliminary injunction should be granted.

## A PRELIMINARY INJUNCTION IS IN THE PUBLIC INTEREST

15. Generally, the public interest is served by enjoining violations of federal laws. In *Federalist No. 43* James Madison described the Congress's authority to grant copyright protection as

> [a] power "to promote the progress of science and useful arts, by securing, for a limited time, to authors and inventors, the exclusive right to their respective writings and discoveries." The utility of this power will scarcely be questioned.

Thus, a preliminary injunction in the instant lawsuit should be favorable to the public because it would uphold the public's interest in copyright protection without unduly burdening the Defendant.

### REQUEST FOR A HEARING

16. Mr. Hoge requests a hearing on this motion.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Hoge asks this Honorable Court to ENJOIN Defendant from further infringement of Mr. Hoge's copyrights and ORDER

(i.) That Defendant SHALL remove all of Mr. Hoge's copyrighted materials from any Internet websites or social media accounts under his control,

(ii.) That Defendant SHALL NOT sell, lend, give away, or otherwise distribute any books or ebooks containing Mr. Hoge's copyrighted material,

(iii.) That Defendant SHALL NOT republish any further copyrighted material belonging to Mr. Hoge

(iv) That Defendant SHALL NOT use image capturing in order to quote words presented in a text format as a part of anything posted on the Internet, and

(v.) That Mr. Hoge SHALL have such other relief as this Court may find just and proper—said Order to be effective until the final disposition of the instant lawsuit.

Date: 12 June, 2014

Respectfully submitted,

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland  21157
(410) 596-2854
himself@wjjhoge.com

## Verification

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief and all copies are true and correct representations of the originals documents.

William John Joseph Hoge

## Certificate of Service

I certify that on the 12th day of June, 2014, I served a copy of the foregoing Motion for Preliminary Injunction on William M. Schmalfeldt by First Class Mail to Trailer 71, 6636 Washington Blvd., Elkridge, Maryland  21075.

William John Joseph Hoge