# Exhibit C

*Patrick Collins, Inc. v. Does 1-22*, 11-CV-01772-AW, ECF No. 18 (D.Md. 2011) at 3, 4.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK COLLINS, INC., <br> Plaintiff, | * <br> * <br> * <br> * |
| v. | * Civil Action No. 11-cv-01772-AW |
| DOES 1 – 22, <br> Defendants. | * <br> * <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Memorandum Opinion

Plaintiff Patrick Collins, Inc. filed this action against twenty-two John Doe defendants for copyright infringement. Pending before the Court is John Doe #3's Motion to Dismiss for Failure to State a Claim or to Dismiss or Sever for Misjoinder and Motion to Quash the Subpoena. *See* Doc. No. 13. The Court has reviewed the entire record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons set forth below, the Court denies Defendant's motion.

## I. FACTUAL & PROCEDURAL BACKGROUND

On June 28, 2011, Plaintiff Patrick Collins, Inc. ("Collins") filed this Complaint against twenty-two John Doe Defendants alleging that Defendants used a file-sharing protocol called BitTorrent to illegally infringe Plaintiff's copyrights in the motion picture *Cuties 2*. Plaintiff claims to know the Internet Protocol address ("IP address") of each infringing defendant, but not their real names, addresses, or other identifying information. The entity that possesses information linking an IP address to real identifying information is the Internet Service Provider

("ISP") for that IP address. ISPs, such as Comcast or Verizon, maintain temporary internal logs that record the date, time, and customer identity for each IP address serviced by that ISP. On July 28, 2011, the Court granted Plaintiff's Motion to Expedite Discovery prior to the Rule 26(f) conference, enabling Plaintiff to conduct limited discovery on the ISPs that service the allegedly infringing IP addresses so that Plaintiff can discover the identity of the defendants and serve them with process. *See* Doc. No. 8.

Since the Court's order permitting such discovery, the ISPs have provided their subscribers with notice of the subpoena. As a result, a few of the putative John Doe Defendants whose contact information have been subpoenaed have filed motions with the Court seeking to dismiss the case for failure to state a claim or to dismiss or sever for misjoinder and to quash the subpoena and prevent the ISPs from turning over their identifying information. *See* Doc. Nos. 9, 13. Specifically, the Doe Defendants contends that: (1) Plaintiff cannot make out a copyright infringement claim because Plaintiff does not have a formal copyright registration as required under 17 U.S.C. § 411(a); (2) Defendants are not properly joined under Federal Rule of Civil Procedure 21; and (3) the subpoena burdens and harasses Doe Defendants and should be quashed pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv); and (4) the subpoena violates the Electronic Privacy Communication Act, codified at 18 U.S.C. §§ 2701-2703 and should be quashed on that basis. Although one of these motions was mooted after Plaintiff dismissed the movant John Doe, *see* Doc. No. 11, the Court is currently considering such a motion by John Doe #3. For the reasons stated below, the Court denies John Doe #3's motion.

### III. ANALYSIS

    A. <u>Motion to Dismiss for Failure to State a Claim for Copyright Infringement</u>

As an initial matter, Doe Defendant #3 argues that Plaintiff cannot make out a copyright infringement claim because Plaintiff does not have a formal copyright registration as required under 17 U.S.C. § 411(a), and Plaintiff's claim should thus be dismissed pursuant to Federal Rule 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

In order for Plaintiff to state a copyright infringement claim, Plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Although Plaintiff has filed a United States Copyright Registration Application for its motion picture *Cuties 2*, the copyright is still pending registration. In a 2005 case, this Court found that "the plain language of the Copyright Act ... requires registration of a copyright or denial of same as jurisdictional prerequisites to instituting an action for copyright infringement." *Mays & Assocs. v. Euler*, 370 F. Supp. 2d 362, 370 (D. Md. 2005).

However, the Supreme Court has more recently held that registration of a copyright is not necessary to bring a copyright infringement claim in federal court. *See Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1246 (2010) ("Federal district courts have subject-matter jurisdiction over copyright infringement actions based on 28 U.S.C. §§ 1331 and 1338. But neither § 1331, which confers subject-matter jurisdiction over questions of federal law, nor § 1338(a), which is

3

specific to copyright claims, conditions its jurisdictional grant on whether copyright holders have registered their works before suing for infringement."). Subsequently, at least one court in the Fourth Circuit considering the impact of this decision has found that it has subject matter jurisdiction over a plaintiff's copyright infringement claims for both registered and unregistered images. *See Tattoo Art, Inc. v. TAT Int'l, LLC*, Civ. No. 2:10cv323, 2011 WL 2585376, at *11 (E.D. Va. June 29, 2011). Accordingly, the Court finds that Plaintiff has adequately stated a claim for copyright infringement even though its copyright registration is still pending.

### B. Motion to Dismiss or Sever for Misjoinder

Additionally, Doe #3 argues that Defendants are not properly joined under Federal Rule of Civil Procedure 21 and should accordingly be dismissed or severed from the instant action. As an initial matter, the Court notes that there is a wealth of case law in other federal district courts supporting joinder in similar cases. *See, e.g., Call of the Wild Movie, LLC v. Does 1-1062*, 770 F. Supp. 2d 332, 342-32 (D.D.C. 2011) (finding joinder proper in a similar case involving over 1,000 Doe Defendants); *Donkeyball Movie, LLC v. Does 1-171*, Civ. No. 10-1520(BAH), 2011 WL 1807452, at *4-*5 (D.D.C. May 12, 2011) (same); *West Coast Prod., Inc. v. Does 1-5829*, Civ. No. 11-57(CKK), 2011 WL 2292239, at *5-*6 (D.D.C. Jun. 10, 2011) (same).

However, courts have also found joinder inappropriate in similar cases. *See Pac. Century Int'l, Ltd. v. Does 1-101*, No. C 11-02533 DMR, 2011 WL 2690142 (N.D. Cal. Jul 8, 2011) (severing all defendants but one due to lack of evidence that defendants were part of the same "swarm" in uploading the same initial files of a given work); *see also Patrick Collins v. Does 1-58*, No. 3:11-cv-531(JAG) (E.D. Va. Oct. 13, 2011) (Doc. No. 17 Ex. 1) ("The mere allegation that the defendants have used the same peer-to-peer network to copy and reproduce the Work—

4

which occurred on different days and times over a span of two months—is insufficient to meet the standards to joinder set forth in Rule 20.").

Permissive joinder is governed by Federal Rule of Civil Procedure 20, which provides that:

> Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Many courts have determined that all "logically related" events underlying a legal cause of action are generally considered as comprising a transaction or occurrence. *See, e.g., Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). The Court may sever improperly joined parties at any time, as long as the severance is on just terms and the entire action is not dismissed outright. Fed. R. Civ. P. 21. However, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties and joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Considering the two requirements for permissive joinder under Federal Rule 20(a)(2) as they apply to the instant action, the Court finds that at this procedural juncture, joinder of the putative Defendants is proper.

The first requirement of permissive joinder is that claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Doe #3 argues that Plaintiff is attempting to join numerous individuals without alleging any coordinated action between the Defendants or any right to relief that arises out of the same transaction. Additionally, Doe #3 argues that there is no alleged or implied relationship between

5

the Doe Defendants and that the Complaint contains no allegation that any two Defendants acted in concert or otherwise conspired against Plaintiff.

These contentions largely ignore the allegations in the Complaint. Plaintiff alleges that each Defendant peer member participated in the same "swarm" of BitTorrent users that illegally uploaded and downloaded Plaintiff's copyrighted movie. *See* Compl. ¶ 33. Additionally, Plaintiff alleges that each Defendant directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, and by other types of transmissions. *Id.* Plaintiff further alleges that once a Defendant has downloaded the full copyrighted work, the Defendant becomes known as an "additional seed" and continues to distribute the torrent file containing the copyrighted work. *Id.* ¶ 35. Finally, Plaintiff contends that it has only sued Defendants in the exact same swarm, *i.e.*, Defendants who participated in downloading or transmitting the same unique version of Plaintiff's movie. Plaintiff explains that such identification is possible through the use of forensic software which identifies the Doe Defendants' IP Addresses as having a unique cryptographic "Hash Number" which serves as a digital footprint. *See id.* ¶ 38.

Doe #3 points out that this swarm involved possibly thousands of other online users from across the country. Even though Plaintiff is suing only a small portion of the swarm, the Court finds that Plaintiff has sufficiently alleged that the putative Defendants used the same file-sharing device at around the same time to copy the same version of Plaintiff's movie. Additionally, Plaintiff has sufficiently alleged not only that each Doe played a role in the collaborative effort of distributing Plaintiff's movie, but that each of the twenty-two Defendants may have directly facilitated the download of Plaintiff's movie by another of the twenty-two Defendants. *See Call of the Wild Movie*, 770 F. Supp. 2d 332, 343 (D.D.C. 2011) (finding joinder

6

proper where "[e]ach putative defendant is a possible source for the plaintiffs' motion pictures, and may be responsible for distributing the motion pictures to other putative defendants"). Although Defendants may be able to rebut these allegations once the Court becomes aware of their identities and individual defenses, at this stage Plaintiffs have adequately satisfied the first prong of permissive joinder.

The second prong of the permissive joinder test, Federal Rule 20(a)(2)(B), requires Plaintiff's claims against Defendants to contain common questions of law or fact. Plaintiff meets this requirement in the instant action because it asserts identical claims against the Doe Defendants. Although Defendants will necessarily present different factual issues and legal defenses at a later stage in the litigation, the commonality of legal claims at this time supports joinder. Additionally, the interests of judicial efficiency also weigh in favor of joining these claims, and doing so may be more beneficial for the Doe Defendants. *See London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 161 (D. Mass. 2008) (finding that consolidating a group of similar cases "ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised."). Moreover, joinder serves Plaintiff's interests by providing it with an effective tool to protect its motion picture from copyright infringement. Accordingly, the Court finds that joinder is proper and accordingly declines to sever or dismiss Doe #3 on that basis.

### C. Motion to Quash Subpoenas

Finally, Doe #3 has filed a motion to quash the subpoena issued to the ISP seeking information about the Doe Defendants. Doe #3 contends that the subpoena burdens and harasses Doe Defendants and should be quashed pursuant to Federal Rule of Civil Procedure

7

45(c)(3)(A)(iv). Federal Rule 45 provides that pursuant to a timely motion, the issuing court must quash or modify a subpoena that, *inter alia*, "subjects a person to undue burden." In the instant action, the Court permitted Plaintiff to serve subpoenas on ISPs so that Plaintiff may identify the Doe Defendants responsible for the alleged infringement. Such identification is necessary so that Plaintiff may pursue these actions and enforce its legal rights to distribute *Cuties 2* by obtaining a remedy against infringers. Doe #3's argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe Defendants and accordingly does not require Doe #3 to produce any information or otherwise respond. Therefore, the Court denies Doe #3's motion to quash the subpoena on the basis that it presents an undue burden to Defendants.

In addition, Doe #3 contends that Plaintiff's subpoenas violate the Electronic Communication Privacy Act ("ECPA"), 18 U.S.C. §§ 2701-2703 (West 2011). Specifically, Defendant contends that the ECPA restricts the disclosure by an electronic communications service of its customers' records and the contents of their electronic communications. Defendant presumably relies in part on section 2702(a)(1), which provides that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." This provision does not apply in the instant action, where Plaintiff seeks not the contents of a communication in electronic storage but rather Defendants' names, addresses, telephone numbers, e-mail addresses, and Media Access Control addresses.

Additionally, Doe #3 presumably relies on section 2702(a)(3), which restricts the disclosure of customer records. *See* 18 U.S.C. § 2702(a)(3) (West 2011). Doe #3 fails to consider section 2702(c)(6), which provides an exception allowing an ISP to "divulge a record or other

8

information pertaining to a subscriber ... to any person other than a governmental entity." *Id.* § 2702(c)(6). Because Plaintiff in the instant action is not a governmental entity, disclosure of the information sought by Plaintiff pursuant to the subpoena is permitted by the ECPA. *See First Time Videos, LLC v. Does 1-500*, No. 10 C 6254, 2011 WL 3498227, at *4 (N.D. Ill. Aug. 9, 2011) (finding under similar facts that the information subpoenaed to the plaintiff is permitted by the ECPA and therefore not privileged). Accordingly, the Court denies Doe #3's motion to quash the subpoena on this ground.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion is denied. A separate order will follow.

November 8, 2011                                     /s/
        Date                                        Alexander Williams, Jr.
                                                    United States District Judge

9