U.S. DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| WILLIAM JOHN JOSEPH HOGE<br><br>*Plaintiff,*<br><br>v.<br><br>WILLIAM M. SCHMALFELDT<br><br>*Defendant.* | Case Number 1:14-cv-01683-ELH |
| WILLIAM M. SCHMALFELDT<br><br>*Counterclaim Plaintiff,*<br><br>v.<br><br>WILLIAM JOHN JOSEPH HOGE, et al<br><br>*Counterclaim Defendant.* | |

## REPLY TO PLAINTIFF'S AND COUNTERCLAIM DEFENDANT HOGE'S MOTION TO DISMISS COUNTERCLAIM

Comes now Counterclaim Plaintiff William M. Schmalfeldt with this Reply to Counterclaim Defendant's Motion to Dismiss Counterclaim Plaintiff's Counterclaim.

### LACK OF JURISDICTION

Counterclaim Plaintiff has raised a Federal Question in accordance with 28 U.S. Code § 1331 which requires a district court to have original jurisdiction on all civil actions arising under the Constitution, laws or treaties of the United States. Counterclaim Plaintiff has adequately demonstrated that the Counterclaim

Defendants have violated several laws which fall under the jurisdiction of this Court, including Malicious Prosecution under 42 U.S.C. § 1983 since the malicious prosecution was conducted by Counterclaim Defendant Hoge under color of Maryland State Law which allows a private actor to seek charges against another individual without direct police investigation. Under color of state law as a citizen of the State of Maryland, Counterclaim Defendant Hoge misrepresented facts, committed perjury, and outright lied 367 times to convince a County Commissioner that the Counterclaim Plaintiff had violated the law. In as much as all charges have been dismissed, Counterclaim Plaintiff has leave to file this suit charging Counterclaim Defendant Hoge with Malicious Prosecution under 42 U.S.C. § 1983.

Inasmuch as it is not presently known where Counterclaim Defendant "Krendler" lives, Counterclaim Plaintiff also raised a "diversity of citizenship" question in his counterclaim.

## MALICIOUS PROSECUTION AND ABUSE OF PROCESS

Upon further information, this pro se Counterclaim Plaintiff admits he has no claim for Abuse of Process as that tort is defined by the US Code.

Counterclaim Plaintiff alleged in Paragraph 73 of his Amended Answer and Counterclaim that Counterclaim Defendant Hoge convinced a Court Commissioner in Carroll County, Maryland, on February 15, 2013 that Counterclaim Plaintiff had commandeered a computer IP address in Kansas City, Missouri, and used it to send harassing and threatening messages to Hoge. As someone who boasts about his

knowledge of computers and as a former employee of the Goddard Space Center, Counterclaim Plaintiff alleges that Hoge had enough computer knowledge to realize his charge was false before he made it.

Counterclaim Plaintiff also claimed Hoge engaged in malicious prosecution twice in the District Court of Carroll County by seeking a peace order because Counterclaim Plaintiff did not stop placing an "@" in front of Hoge's "Twitter Handle" on the social media platform Twitter. The district court twice turned Hoge away, before he lied to a Carroll County Circuit Court judge about how the simple act of blocking Counterclaim Plaintiff's Twitter Account would be tantamount to disabling a significant portion of his Internet functionality and would be the same as having to change his telephone number to avoid telemarketers. The Circuit Court judge, admitting he knows nothing about Twitter, bought this ridiculous analogy and issued, then extended the peace order.

Counterclaim Plaintiff alleged a total of 367 charges filed by Hoge against the Counterclaim Plaintiff, mostly for "violating the peace order." These charges were filed at several different occasions, and were dismissed by the State's Attorney. A reasonable person can infer that at some point another reasonable person will realize filing essentially the same charges, over and over again, and getting the same result, will not result in a different result "this time." Counterclaim Plaintiff alleges these acts constitute Malicious Prosecution.

Counterclaim Plaintiff alleged in his Counterclaim, Paragraph 85, that Hoge had engaged in this conduct well aware of Counterclaim Plaintiff's advanced

3

Parkinson's disease and aware of the effect of unnecessary stress on the acceleration of the natural progression of the disease. Hoge filed the instant suit two days after Counterclaim Plaintiff followed his neurologist's advice and dropped the lawsuit he had filed against Hoge and several others. Hoge knew why Counterclaim Plaintiff had dropped his lawsuit, and filed the instant suit for no other reason than to further damage the Counterclaim Plaintiff's health and harass him further.

### DEFAMATION AND LIBEL

Counterclaim Plaintiff lays out a very clear case for Defamation inasmuch as he clearly demonstrates defamatory and untrue statements made by both Counterclaim Defendants that were made to third parties that caused me significant harm in the area of personal reputation, ability to find freelance employment and other areas. Counterclaim Defendant Hoge again misleads the court with his assertion that Counterclaim Plaintiff did not meet the requirements set down by the US Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The allegations in the counterclaim are not "mere armwaving" as Hoge maintains, but are clear and specific examples of defamation

### HARASSMENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Counterclaim Plaintiff admits that "harassment" was not the proper charge under the US Code. "Stalking" is more appropriate charge under 18 USC § 2261A inasmuch as Counterclaim Plaintiff does not know which state Counterclaim Defendant "Krendler" lives in. He alleges that "Krendler" "used an interactive computer service to

engage in a course of conduct that caused emotional distress" placing the Counterclaim Plaintiff in reasonable fear of death or serious bodily injury".

Mr. Hoge is an intelligent, educated man. Such a person must certainly have the capacity to do due diligence before filing a lawsuit in a federal district court. Such due diligence would have shown him that copyright registration is a prerequisite for getting anything more than actual damages in a copyright infringement suit, and that having sold one book, those damages would amount to about $3.

Mr. Hoge also needs to explain his rationale for approaching Counterclaim Defendant "Krendler" with an offer to "purchase" the "book and e-book rights" to a blog post if it was done for no other reason than to halt publication of a book that sold but one copy. Counterclaim Plaintiff asserts it was just another weapon in Hoge's toolbox used to harm and harass Counterclaim Plaintiff, cause distress and further exacerbate Counterclaim Plaintiff's Parkinson's disease progression.

## PUNITIVE DAMAGES

Not only has the Counterclaim Plaintiff alleged claims that are worthy of consideration for punitive damages, he feels the wanton disregard for his health, reputation and family's safety is a textbook example of why punitive damages are written into the law. They are meant to discourage other actors from committing the same reckless, heedless, dangerous crimes against other people.

## OTHER PARTY

Mr. Hoge insults the Court's intelligence with his suggestion that the Court drop the Counterclaim so he can get a speedy resolution of his frivolous copyright claim. In another motion, Counterclaim Plaintiff will seek to grant Hoge's wish for a speedy resolution to his copyright case with a Motion to Dismiss.

Including the "other party", Counterclaim Defendant "Krendler" is crucial in establishing Hoge's defamatory and harassing reasons for bringing a copyright suit that he has to know he cannot win. How else can the Court ascertain the reasons for Hoge's post-publication "purchase" of the "world book and e-book rights" and whether or not there was a legitimate transfer of these rights without including "Krendler" in the suit and Counterclaim?

## CONCLUSION

WHEREFORE, Counterclaim Plaintiff asks the Court to DENY Hoge's Motion to Dismiss the Counterclaim and all relief he seeks therein.

Respectfully submitted

DATED: June 13, 2014

By: _William M. Schmalfeldt_
William M. Schmalfeldt, Pro Se
6636 Washington Blvd., Lot 71

Elkridge, Maryland 21075
bschmalfeldt@comcast.net
410-206-9637 (telephone)

**Verification**

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

William M. Schmalfeldt

**Certificate of Service**

I certify that on the 13th day of June, 2014, I served a copy of the foregoing Reply to Counterclaim Defendant Hoge's Motion to Dismiss on William John Joseph Hoge III by Priority Mail, Return Receipt Requested to 20 Ridge Road, Westminster, MD 21157

William M. Schmalfeldt