## U.S. DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND
## (Northern Division)

| | |
|---|---|
| **WILLIAM JOHN JOSEPH HOGE**     ) | |
|     ) | |
|     *Plaintiff,*     ) | |
|     ) | **Case Number 1:14-cv-01683-ELH** |
| **v.**     ) | |
|     ) | |
| **WILLIAM M. SCHMALFELDT**     ) | |
|     ) | |
|     *Defendant.*     ) | |

FILED ____ ENTERED
____ LODGED ____ RECEIVED

JUN 18 2014

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ____ DEPUTY

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

1.     The Plaintiff is asking this Court to enjoin the Defendant from blogging or "Tweeting" any material produced by the Plaintiff for the duration of the instant case.

2.     Plaintiff has the audacity to ask this Court to make such an injunction on a unilateral basis while allowing Plaintiff to continue on unencumbered by the same rules he wishes to impose on the Defendant. In this motion, Defendant will demonstrate that Plaintiff also takes such images, sometimes complete or nearly complete articles from the Defendant's Twitter and blog posts to use on his "Hogewash" blog without Defendant's permission.

3. Of the 24 blog posts that Plaintiff claims were infringed by Defendant, 13 of them contain material screencapped from Defendant's blog or Twitter account. Another four of the allegedly infringed blog posts contain material Plaintiff screencapped from other sources. Out of the seven allegedly infringed "Hogewash" posts that do not contain material from someone else's blog or Twitter account, the blog entries are so short and lacking in creativity that they would not be subject to copyright even if Plaintiff had filed for copyright protection, (Exhibits A through X). Yet nowhere in his motion does Plaintiff state that he will likewise refrain from using material from other people's websites, blogs or Twitter accounts. By granting this Motion, the Court would be giving Plaintiff license to continue doing that which he claims Defendant is doing outside the bounds of copyright law.

4. Defendant has not applied for Copyright protection for his blog or Twitter account because Defendant believes the whole idea of suing someone for using inconsequential snippets from another person's blog or Twitter account is foolish, childish, vexatious, vindictive, and indicative of a personality that seems to enjoy having a sense of "power" over another person. It's like the Plaintiff is saying, "I'll copy and use as much of your stuff as I feel like, but if you use a single sentence of my stuff I will sue you!"

5. With all due respect, Defendant maintains the position that this entire lawsuit is nothing more than yet another arrow from Plaintiff's quiver of harassment against Defendant. Unable to get either the Carroll County or Howard County State's Attorney to prosecute the 367 criminal charges he filed against Defendant for violation of a possibly Unconstitutional peace order and other

2

misdemeanors, he has turned to the Civil Courts in an attempt to further harass Defendant by accusing the Defendant of doing the same thing Plaintiff does on his own blog on a nearly daily basis.

## MR. HOGE'S LAWSUIT WILL LIKELY BE DISMISSED ON THE MERITS

6. Defendant respectfully asks what law books Plaintiff has been reading? Every reading by Defendant of the applicable case law shows that the Plaintiff has a very high hurdle to overcome in order to prevail.

        a. He must prove that he has a signed transfer agreement with Counterclaim Defendant "Paul Krendler" (anonymous blogger) executed in writing before such date as Hoge claimed ownership of the blog entry under dispute. 17 USC § 204.

        b. He will have to provide evidence that he has filed applications with the US Copyright Office for the material he claims infringes his copyright in my books, :My Slow, Journalistic Death" (upon which Plaintiff filed a DMCA takedown notice several days after attempting to sell the book on his blog (Exhibit Y).

        c. He will have to provide proof that he has filed an application with the US Copyright Office for material in my book "Brain Dead," which I personally pulled off the shelves at Lulu.com and never received a copyright takedown request over.

3

        d.      In addition to proving he has the standing to file a copyright

claim for the material he claims is infringing in my book

"Intentional Infliction," he will have to prove that he filed a

proper application with the US Copyright Office for the

material prior to filing his DMCA takedown request and prior

to launching his vexatious Copyright suit.

     7.     Hoge mentions many times in his pleadings that applications for

registration have been submitted to the Copyright office by himself and anonymous

blogger "Paul Krendler." But this beggars the imagination, as if Krendler sold his

rights to Hoge, why would Krendler need to file a copyright application? All

Defendant knows of these alleged applications is that Hoge claims he has sent them,

and Plaintiff has had dealings in the past with Mr. Hoge where he says one thing

while having done another.

     8.     Hoge keeps alleging that he filed these copyright applications in

accordance with this Court's precedent in Patrick Collins, Inc. v. Does 1-2211-CV-

AW, ECF, No 18 (D. Md. 2011) at 3,4. But a review of this Court's decision does not

reveal a precedent setting decision by this Court, but rather this Court merely

applied a US Supreme Court decision in *Reed Elsevier, Inc. v. Muchnick,* 130 S.Ct.

1237, 1246 (2010)

> "Federal district courts have subject-matter jurisdiction over copyright
> infringement actions based on 28 U.S.C. §§ 1331 and 1338. But neither §
> 1331, which confers subject-matter jurisdiction over questions of federal
> law, nor § 1338(a), which is specific to copyright claims, conditions its
> jurisdictional grant on whether copyright holders have registered their
> works before suing for infringement."

9.     That was not this Court setting precedent. It was this Court applying a

ruling on subject matter jurisdiction. Plaintiff apparently stopped reading the ruling

when he saw the part he liked, because the ruling in *Muchnick* continues:

> *"Held:* Section 411(a)'s registration requirement *is a **precondition** to filing a
> copyright infringement claim. A copyright holder's failure to comply with
> that requirement does not restrict a federal court's subject-matter
> jurisdiction over infringement claims involving unregistered works. Pp. 5–16.
> " [Emphasis Added]

10.    Since this Court's decision and *Muchnick*, other courts have decided

that pre-registration before filing an infringement suis remains a prefequsite. In

Tattoo Art, Inc. v. Tat International, LLC, 794 F. Supp. 2d 634 (E.D. Va. 2011 District

Court, E.D. Virginia) the court found:

> ..."in light of the Supreme Court's recent decision in *Muchnick,* this Court does
> not lack subject-matter jurisdiction over plaintiff's copyright claim against
> defendants for their infringement of both its registered and unregistered
> tattoo designs. However, the existence of subject-matter jurisdiction does
> not, by itself, suffice to establish plaintiff's entitlement to a recovery of
> monetary damages in connection with its unregistered designs at this
> juncture. As noted above, 17 U.S.C. § 411(a) provides in relevant part that "no
> civil action for infringement of the copyright in any United States work shall
> be instituted until preregistration or registration of the copyright claim has
> been made in accordance with this title." 17 U.S.C. § 411(a). Although the
> Supreme Court found such language not to be jurisdictional in nature, it
> expressly "decline[d] to address whether § 411(a)'s registration requirement
> is a mandatory precondition to suit that ... district courts may or should
> enforce *sua sponte* by dismissing copyright infringement claims involving
> unregistered works." *Muchnick,* 130 S.Ct. at 1249.

## MR.HOGE FACES NO HARM WITHOUT A PRELIMINARY INJUNCTION

11.    This contention by Plaintiff beggars belief. Was Mr. Hoge planning to

sell his blog works to a publishing house? Will someone read the items, on

Defendant's blogs and tweets and believe for a moment that, with the links and the

screen caps, that Defendnant was the author of the works in question? As amazed as Defendant is that Plaintiff should choose to use a section of anonymous blogger and Counterclaim Defendant's blog entry to support his own case, even that argument does not hold water as nobody will believe for a moment that I wrote the material.

12.     Plaintiff's arguments on "the rights of copyright holders" should fall on deaf ears until such time as he proves his alleged copyright ownership.

13.     Defendant has consistently maintained that his use of Plaintiff's material was carefully done under the Fair Use Doctrine and will stand up to the Four Pillar test. Plaintiff's referral to Defendant as a serial copyright infringer is meant only to prejudice the court and has no basis in fact as I have not been adjudicated as having infringed anything and Mr. Hoge is clearly putting the court before the horse.

14.     Defendant currently has no plans to use material written by the Plaintiff. But in the future if Plaintiff writes something, using Defendant's words, Defendant maintains his First Amendment Right and his rights under the Fair Use Doctrine of US Copyright Law to use whatever material he deems necessary to tell the story, giving proper attribution. Therefore, Plaintiff's motion for a preliminary injunction prohibiting Defendant's further use of Plaintiff;s copyrighted material until a final disposition of the instant lawsuit should be denied, and Plaintiff should be adjured to not waste the Court's time with such silly motions.

## THE BALANCE OF HARM WEIGHS AGAINST MR. HOGE'S FAVOR

15.     What Mr. Hoge is asking is for me to abandon the principles of
journalism. So many people of the right wing political persuasion seem to believe
that their word is proof of anything to say. As a person with more than three
decades in the practice of journalism, I prefer to let the subject's words speak for
themselves. To see the subject's words, as written, is a powerful tool used by
journalists. Mr. Hoge would seek to bar my First Amendment Rights to write about
this case, or his twin lawsuits filed by a Montgomery County man charging Hoge and
others with a variety of torts, including harassment, stalking, abuse of process,
malicious prosecution and intentional infliction of emotional distress. Accordingly,
the Court should DENY Plaintiff's motion of a preliminary injunction.


### A PRELIMINARY JUDGEMENT IS IN THE PUBLIC INTEREST

16.     Certainly, if the "public" is defined as William John Joseph Hoge. We
don't need a history lecture from Plantiff about John Madison's rationale for
describing Congressional Authority to grant copyrights, and such grandstanding is a
waste of the Court's time. We are sure the Court's legal education included intensive
curricula on Copyright Law, as did mine in my training as a journalist. The proposed
preliminary injunction would place a grievous burden on the Defendant by limiting
the material that he can use to tell his story. Therefore, again, the injunction should
be DENIED in the interest of the First Amendment.


### REQUEST FOR A HEARING

17.     Defendant agrees to a hearing at such time designated by the court.


7

## MEMORANDUM SUPPORTING DEFENDANT'S MOTION TO DISMISS

18.     In practically every instance alleged by Plaintiff as being an
infringement of his copyright, the portion used is so small and lacking in creativity
that it does not merit copyright protection. In each allegation, save for the one that
Plaintiff has not yet demonstrated a properly executed copyright transfer
agreement, the alleged infringements are small and fragmented. Copyright does not
protect all elements of a work, and therefore not all elements are considered when
determining if copying rises above *de minimis*. Copyright only protects elements of a
work that demonstrate some minimal creativity. (See *Feist Publ'ns, Inc. v. Rural Tel.
Serv. Co., Inc.*, 499 U.S. 340, 345 (1991). Copyright protection also extends to
expression of ideas and facts, but not those ideas and facts themselves. (See *Int'l
News Serv. v. Associated Press,* 248 U.S. 215, 234 (1918); *Chicago Record-Herald Co. v.
Tribune Ass'n* 275 F. 797, 798, 799 (7th Cir. 1921))

19.     Unlike a *de minimis* defense, which challenges the elements of
copyright infringement, fair use is an affirmative defense. It provides that certain
otherwise infringing uses of copyrighted work are valuable and protected from
liability. Four statutory factors determine applicability of fair use: "(1) the purpose
and character of the use, including whether such use is of a commercial nature or is
for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the
amount and substantiality of the portion used in relation to the copyrighted work as
a whole; and (4) the effect of the use upon the potential market for or value of the
copyrighted work." (See *Campbell v. Acuff-Rose Music, Inc.* 510 U.S. 569, 578 (1994).)

8

20.    Nobody is going to see Defendant's works which make fair use of Plaintiff's blog posts and believe for a moment that Plaintiff's words are the work of the Defendant. They are used for the purpose of demonstrating, in the Plaintiff's own words, the defamation, harassment, intentional infliction of emotional distress and malicious prosecution the Defendant has suffered at the hands of the Plaintiff since February 2013. Defendant maintains this is the real reason Plaintiff wants the books he killed with his DMCA takedown to stay off the shelves.

21.    Another thing for this Court to consider in Defendant's Motion to Dismiss is the transformative nature of the works Plaintiff alleges were infringed. Transformative uses that result in the creation of a transformative work are similar to derivative works in that they are based on the original.  However, they are different in that they satisfy the underlying purpose of copyright law by building on the original and thereby "promoting the progress of science and the useful arts."  Simply put, transformative works create something new.  Again, as noted in *Campbell v. Acuff-Rose Music, Inc,* "The central purpose of this investigation is to see...whether the new work merely [supersedes] the original creation, or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning or message; it asks, in other words, whether and to what extent the new work is transformative."  Consequently, copyright owners do not control transformative uses that result in the creation of transformative works.  Anyone can lawfully undertake a transformative use of anther's copyright protected work even before the copyright expires.  No permission is required from the copyright owner.

9

22.     Finally, the vexatious, vindictive, harassing nature of the Plaintiff in this further malicious prosecution of the Defendant is demonstrated in a startling fashion by the fact that the majority of the blog and Twitter posts Plaintiff alleges as infringing on his work in Counts IV through XXXVII of his First Amended Complaint are actually blog posts that contain substantial amounts of the Defendant's original work, as demonstrated in Exhibits A through X. in other words, of the 24 blog posts that Plaintiff claims were infringed by Defendant, 13 of them contain material screencapped from Defendant's blog or Twitter account. Another four of the allegedly infringed blog posts contain material Plaintiff screencapped from other sources. Out of the seven allegedly infringed "Hogewash" posts that do not contain material from someone else's blog or Twitter account, the blog entries are so short and lacking in creativity that they would not be subject to copyright even if Plaintiff had filed for copyright protection,

23.     Count I of the Plaintiff's First Amended Complaint alleges the Defendant "stole" a single line blog post in his book "My Slow, Journalistic Death." Plaintiff also claims copyright ownership he does not have in the comments generated by that one sentence. Plaintiff has yet to demonstrate that he has registered a copyright application for that blog post with the US Copyright office, and the copyrights for the comments remain, according to the Plaintiff's own Terms of Service on his blog, "Hogewash.com" with the commenters. Therefore, Defendant respectfully requests that this Court DISMISS Count I of the Plaintiff's Amended Complaint with prejudice.

10

24.    Count II of the Plaintiff's First Amended Complaint does not even

specifically allege an infringement of his copyright, other than to make a false

statement that someone sent a DMCA takedown notice to the self-publishing

platform Lulu.com to remove the book "Brain Dead" from the shelves. That

takedown request was not from the DMCA: It was from the Defendant who has the

only copy of this book ever sold. Therefore, Defendant respectfully requests that this

court DISMISS Count II of the Plaintiff's Amended Complaint with prejudice.

25.    Count III of the Plaintiff's First Amended Complaint alleges Defendant

infringed on a copyright Plaintiff has not yet proven he has any claim to. Although he

alleges in his complaint that he purchased "world book and e-book rights" he has

not responded to my request (Exhibit Z) to produce even a redacted copy of that

agreement, which is required by 17 USC 204 which states (in part):

> A transfer of copyright ownership, other than by operation of law, is not valid
> unless an instrument of conveyance, or a note or memorandum of the
> transfer, is in writing and signed by the owner of the rights conveyed or such
> owner's duly authorized agent.

26.    Given Plaintiff's refusal to prove that he has such an agreement, the

Defendant respectfully requests that this court DISMISS Count III of Plaintiff's

Amended Complaint with prejudice.

27.    Counts IV through XXXVII of the First Amendment Complaint are

ludicrous, vexatious, vindictive, and amount to malicious prosecution. As the

majority of the items Plaintiff claims Defendant "stole" consist largely of original

material written by Defendant, his claim of copyright – unsupported by a single

application to the US Copyright Office – is laughable at best, contemptuous at worst,

and demonstrates a continuation of the harassment Plaintiff has leveled at

11

Defendant since Feb. 2013 when he filed the first of his 367 criminal charges against Defendant, all of which were dismissed. For this reason and the other reasons set forth above, Defendant respectfully requests that this court DISMISS Counts IV through XXXVII with prejudice.

### PRAYER FOR RELIEF

WHEREFORE Mr. Hoge has failed to state a reasonable or coherent reason for demanding this preliminary injunction, Defendant prays once again that the Court dismiss the Plaintiff's case on all 37 counts with prejudice for the reasons stated above.

Om the absence of a dismissal, the Defendant asks the Court to roundly DENY Plaintiff's demands *in toto* and admonish him for wasting this Court's time and requiring this Plaintiff, with severe movement disabilities, to need to be hauled to the Federal Courthouse to answer these silly demands.

Mr. Hoge should receive NO relief from this court, and Defendant will ask for sanctions in the future if Plaintiff continues to flood this court with ridiculous, vindictive and vexatious motions such as this.

Defendant also prays that after dismissing Plaintiff's claim that Defendant be free to press forward with his counterclaim against Plaintiff.

12

DATED:  JUNE 16, 2014                           Respectfully submitted,


William M. Schmalfeldt
6636 Washington Blvd. Lot 71
Elkridge, MD 21075
410-206-9637
bschmalfeldt@comcast.net


## Verification

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief and all copies are true and correct representations of the original documents.

William M. Schmalfeldt


## Certificate of Service

I certify that on the 16th day of June, 2014, I served a copy of the foregoing Reply to Plaintiff's Motion for Preliminary Injunction and Memorandum in Support of Defendants Motion to Dismiss by First Class Mail to W.J.J.Hoge, 20 Ridge Road, Westminster, MD 21157 by First Class Main, Certified, Return Receipt Requested.

William M. Schmalfeldt