WILLIAM JOHN JOSEPH HOGE )
)
*Plaintiff,* )
) Case Number 1:14-cv-01683-ELH
v. )
)
WILLIAM M. SCHMALFELDT )
)
*Defendant.* )

## DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS

Defendant William M. Schmalfeldt asks this Court to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) and requests that this motion be heard at the hearing for Plaintiff's Motion for Preliminary Injunction on June 26, 2013. A Memorandum of support is attached.

Respectfully Submitted,

William M. Schmalfeldt, Pro Se
6636 Washington Blvd. #71
Elkridge, MD 21075
bschmalfeldt@comcast.net
410-206-9637

1

## MEMORANDUM IN SUPPORT

On May 27, 2014, Plaintiff filed a lawsuit alleging Copyright Infringement against the Defendant. It originally contained 124 counts of copyright infringement against Defendant. On June 11, 2014, the Plaintiff amended his complaint, reducing the number of charges to 37, apparently having been made aware of 17 USC § 412(2) and its requirement that any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

The truth of this matter is, Plaintiff has expressed no desire to publish books, stories, memoirs, or any other works based on his typically short blog posts. The Fourth Circuit Court of appeals has adopted the position that a registration with the U.S. Copyright Office for each alleged infringement must be in hand, not merely applied for, in order for the Plaintiff to receive compulsory damages. Plaintiff has not demonstrated that he has, in fact, received a certificate of registration for any of the works he claims were infringed. He has not demonstrated that he has purchased the "world book and e-book rights" to a blog post written by the pseudonymous blogger "Paul Krendler." He fails to even state a charge against Plaintiff in Count II of his amended Complaint. And the Plaintiff fails to state a claim for which relief can be granted. Even if Plaintiff manages to overcome all these hurdles, his case is still likely to fail on the merits of Defendant's affirmative defense of "Fair Use."

I. **LAW AND ARGUMENT**

## A. Plaintiff Has Failed to Demonstrate Standing to File a Copyright Infringement Claim in U.S. District Court.

While copyright protection exists the moment an original work is created and fixed in a tangible form that it is perceptible either directly or with the aid of a machine or device (17 USC § 102(a)), in order to file a copyright infringement suit in a U.S. District Court, the plaintiff must first register the copyright with the U.S. Copyright Office. (17 USC §411(a)) While lack of registration does not interfere with this court's jurisdiction to hear a case for infringement of an unregistered copyright (*Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237) the Supreme Court chose not to address the issue of whether registration under §411(a) was a prerequisite to filing a copyright infringement suit in US District Court when it ruled:

> **We also decline to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that—like the threshold conditions in *Arizona v. California*, 530 U.S. 392, 412-413, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000) (res judicata defense); *Day v. McDonough*, 547 U.S. 198, 205-206, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) (habeas statute of limitations); and *Hallstrom v. Tillamook County*, 493 U.S. 20, 26, 31, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989) (Resource Conservation and Recovery Act of 1976 notice provision)—district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works.**

While Circuit Courts have been divided on whether or not the mere application for a copyright is sufficient to file a copyright infringement case in U.S. District Court, the 4th Circuit Court of Appeals has ruled that mere application is not sufficient. (*Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, Appeal No. 12-2102 (4th Cir. July 17, 2013))

3

Since Plaintiff has not demonstrated that he has even filed an application, other than to say so in his complaint, and the database at http://copyright.gov does not indicate that a copyright has been awarded to Plaintiff, the plaintiff has no standing to file a copyright infringement case in a U.S. District Court and therefore his case should be dismissed with prejudice.

### B. Plaintiff Fails to Even Mention an Alleged Infringement by Defendant in Count II of His Amended Complaint.

In Count II of his Amended Complaint, Plaintiff makes no allegation whatsoever against Defendant. He alleges Defendant self-published a book called *"Brain Dead."* That Defendant sold one copy (which was purchased, in fact, by Defendant), that an "unknown third party" complained to the self-publishing platform (on 22 April, *2104*) [emphasis added] concerning "infringing material" which is never identified in the count, and that the self-publishing platform removed the book from sale as a result. This is entirely untrue. The book was removed at Defendant's request because it became superfluous with the publication of Defendant's subsequent book, *"Intentional Infliction."* Since there is no mention of an infringing act by Defendant in Count II, the complaint fails on a technical basis and should be dismissed with prejudice.

### C. Plaintiff Fails to Prove He Purchased the "World Book and E-Book Rights" to a Blog Post by Pseudonymous Blogger "Paul Krendler" for Which He Now Claims Copyright Infringement.

17 USC § 204(a) clearly states as follows:

**A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.**

Plaintiff not only has not demonstrated he has, in fact, an "instrument of conveyance or a note or memorandum of the transfer" in writing and signed by the owner of the rights conveyed, he has refused numerous requests by the Defendant to produce such a document. In Count III of his Complaint, Plaintiff claims that he now owns a blog post written by the pseudonymous blogger "Paul Krendler". When one purchases "world book and e-book rights" to a written work, it is generally with the intention to publish said work, not merely to keep a third party that Plaintiff has a history of harassing from publishing a book of his own. Defendant maintains this "purchase" was done merely to give Plaintiff a reason to sue the Defendant, and that Plaintiff has no further use for the work when this case is concluded. Furthermore, if Plaintiff has legally executed this transfer in accordance with 17 USC § 204(a), then, according to 17 USC § 411(a) he is required to have registered the copyright with the U.S. Copyright Office prior to filing a copyright infringement case in U.S. District Court. Plaintiff has not demonstrated, other than by a statement in his complaint, that he has even applied for a registration, and the database at http://copyright.gov shows that Plaintiff has not received a copyright for this "work." Since Plaintiff has not shown valid ownership of the work in question, and has not demonstrated he ever "purchased" said work, and even if he has purchased the rights to pseudonymous Krendler's work, it was done so for fraudulent reasons, his entire complaint and this case should be dismissed with prejudice and the Court should

consider what sanctions to place on Plaintiff for his fraudulent reasoning behind purchase of the blog's "world book and e-book rights" without intent to use these rights for any other purpose than to bludgeon the Defendant.

D. **The Remaining Counts Against Defendant Demonstrate a Level of Hypocrisy by the Plaintiff That Should Shock the Conscience of the Court, and Thereby Should Be Denied and the Plaintiff Sanctioned.**

In his amended Complaint, Plaintiff points to 32 blog and Twitter posts allegedly made by Defendant that he claims infringe on Plaintiff's Copyright. As the Court will see in Exhibits A through D, this Complaint shows a level of mendacity and dishonesty that this Court should not allow to go unpunished. This Plaintiff has the audacity to tell this Court that Plaintiff's "fair use" of snippets of the Plaintiff's "Hogewash.com" blog posts, used by Defendant to illustrate in Plaintiff's own words the things Plaintiff has said in a defamatory and libelous manner about Defendant infringe on Plaintiff's rights under 17 USC § 106 to reprint, reproduce, republish, distribute copies of the work to the public or display the work publicly. The Court should not reward such mendacity, especially as demonstrated in Exhibit A, where Plaintiff invites readers to copy and use entire portions of his blog as long as it is properly attributed. Plaintiff is using this lawsuit for one reason, and that is to further harass, harm, alarm and annoy the plaintiff as was the case with Plaintiff's 367 criminal charges, 366 of which were filed in Carroll County, Maryland, District Court, all of which were dismissed without trial. This Plaintiff has exercised his

6

animus against this Defendant ever since late 2012 when the Defendant dared to take an opposite point of view in Defendant's blog about what he saw as the harassing, unnecessary and unwarranted persecution of a person who had been convicted of a felony, had been released from prison, and was trying his level best to be a productive, law abiding citizen. (As a result of that harassment, the third person has filed two lawsuits, one in Montgomery County, Maryland, Circuit Court, the other in the U.S. District Court of Maryland, Southern Division, against Plaintiff and several others alleging, among other things, harassment, stalking, intentional infliction of emotional distress and violations of the R.I.C.O. act.) In as much as the Plaintiff is suing the Defendant for repurposing portions of the Plaintiff's blog that contain large portions of the Defendant's own work that the Plaintiff copied and pasted into his blog without Defendant's permission, the very *meanness* of this action should be considered by this court atop the 367 unwarranted and groundless criminal charges filed by the Plaintiff against the Defendant, and this Court should consider whether or not the Plaintiff should be charged for malicious prosecution. At the very least, this entire complaint and all counts should be dismissed with prejudice.

## PRAYER FOR RELIEF

WHEREFORE Mr. Hoge's actions have shown that this is not a case of Copyright Infringement, but is yet another attempt by the Plaintiff to bloody the Defendant in a Court of Law;

WHEREFORE the Plaintiff has failed to state a single claim upon which he can be granted relief; and

WHEREFORE the Plaintiff has demonstrated time and time again that he will use and abuse the Judiciary of the State of Maryland and the United States of America to punish, harass and attack the Defendant under the cover of whatever law he cares to pull from his back pocket;

Defendant beseeches the Court to DISMISS this entire lawsuit by Plaintiff, to ALLOW Defendant to proceed with his Counterclaim, and to SANCTION Plaintiff for his malicious use of this Court, and to hold Plaintiff responsible for all costs incurred in this matter. The Defendant also asks the Court to ENJOIN the Plaintiff from bringing any further legal actions against the Defendant that do not have a clear rationale for prosecution.

DATED: JUNE 21, 2014                          Respectfully submitted,

William M. Schmalfeldt
6636 Washington Blvd. Lot 71
Elkridge, MD 21075
410-206-9637
bschmalfeldt@comcast.net

### Verification

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief and all copies are true and correct representations of the original documents.

William M. Schmalfeldt

## Certificate of Service

I certify that on the 21st day of June, 2014, I served a copy of the foregoing Supplemental Motion to Dismiss by First Class Mail to W.J.J. Hoge, 20 Ridge Road, Westminster, MD 21157 by First Class Main, Certified, Return Receipt Requested.

William M. Schmalfeldt