FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JUN 23 P 3: 19

|  |  |
|---|---|
| William John Joseph Hoge,<br>*Plaintiff,*<br><br>v.<br><br>William M. Schmalfeldt,<br>*Defendant.* | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF MARYLAND<br>NORTHERN DIVISION<br><br><br>Case No. ELH-14-CV-1683 |

**PLAINTIFF HOGE'S REPLY TO ECF NO. 19, DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

COMES NOW Plaintiff William John Joseph Hoge replying to Defendant's Memorandum in Opposition, Etc. (ECF No. 19) ("Memo"). In reply Mr. Hoge states as follows:

The reasoning in Defendant's Memo defies straightforward summation or cohesive response. Therefore, Mr. Hoge will respond paragraph by paragraph.

### INTRODUCTION

1. Defendant correctly states the gist of Mr. Hoge's motion. Mr. Hoge seeks to have the Court enjoin further copyright infringement by Defendant until the instant lawsuit is

concluded.

2. Defendant objects that the injunction would be unilateral. Courts grant unilateral injunctions all the time, often over the active opposition of defendants. Defendant falsely claims that Mr. Hoge has infringed on his copyrights, but such a claim has no bearing on whether or not Defendant may have violated Mr. Hoge's copyrights.

3. Defendant misstates the effect of the proposed injunction which would grant no "license" to Mr. Hoge to abuse anyone else's copyrights, and, indeed, he endeavors to avoid copyright infringement. Additionally, Exhibits A through X are not accurate reproductions of Mr. Hoge's writings.

4. The status of registration of any copyright belong to Defendant has no bearing on the instant lawsuit. Defendant admits that he has never bothered to apply for their registration with the Copyright Office, so any such claim is irrelevant. In any event, the instant lawsuit is about Defendant's behavior, not Mr. Hoge's.

5. Defendant's attempt to distract the Court with speculation about Mr. Hoge's motives has no basis in fact or evidentiary support. Mr. Hoge's efforts to have a peace order enforced against Defendant have no bearing *per se* on the instant lawsuit.

## MR. HOGE'S SUIT WILL LIKELY SUCCEED ON THE MERITS

6. The fact that Mr. Hoge must be able to prove his case doesn't not mean that he cannot. Fed. R. Civ. P. 8 does not require Mr. Hoge to lay out every bit of evidence related to the lawsuit in a complaint. Of course, he will have to provide sufficient evidence to support his motion for preliminary injunction at a hearing, and he will do so.

7. Defendant seems to be complaining that Mr. Hoge has not made him aware of his personal business dealings prior to having to provide discovery or offer evidence in a hearing or trial.

8, 9, and 10. Defendant does not appear to understand how case law establishes precedents, asserting that *Patrick Collins v. Does 1-22*, 11-CV-01772-AW, ECF No. 18 (D.Md. 2011) is not "precedent setting." He cites nothing to explain how a decision of this Court does not establish a precedent. The common law develops through judicial decisions, and adherence to the principle of *stare decisis* promotes stability, certainty, predictability, and consistency. Those qualities of the law are vital to citizens being able to understand their obligations under the law. They assure that all cases receive similar treatment, promoting equal protection of the law. Defendant has shown no reason why Patrick Collins should be allowed to proceed with his case while Mr. Hoge should not. This is not to say that precedents should never be overturned, but Defendant has offered no reason to overturn *Collins*. Since that case is good law in this District, the preliminary

3

injunction should be granted upon Mr. Hoge's showing of the applications for registration of his copyrights.

## MR. HOGE FACES HARM WITHOUT A PRELIMINARY INJUNCTION

11. The rhetorical questions Defendant asks are not germane to the question of whether or not Mr. Hoge suffers harm from copyright infringement. They demonstrate a lack of understanding of property rights. Mr. Hoge is harmed by the mere unauthorized use of his intellectual property. Enforcement of a copyright is the equivalent of saying, "Get off my lawn." If Defendant's infringement is allowed to continue, Mr. Hoge's right to control the use of his property will be partially extinguished. The harm from uncontrolled distribution of intellectual property is essentially the same whether it is a literary work, a newsletter, or software. "[H]arm to ... [one's] ability to control the distribution of ... software is sufficient to establish irreparable harm." *Adobe Sys., Inc. v. Kornrumpf*, 2011 WL 6303358 (N.D.Cal. Dec. 16, 2011) quoted in *Accusoft Corrporation v. Quest Diagnostics, et al.*, Case No. 12-CV-40007-TSH, ECF No. 53 (D.Ma. 2012) at 16.

12. Mr. Hoge has alleged sufficient facts to establish a claim for which relief can he granted. He will provide such evidence as is needed at any hearing to obtain the preliminary injunction.

13. Fair Use is an affirmative defense and "a mixed question of law and fact." *Haper & Row, Publishers, Inc. v. Nation Enterprises, et al.*, 471 U.S. 539, 560 (1985). As such, Defendant has not appropriately raised it. If he should raise it at a hearing for the preliminary injunction, Mr. Hoge will rebut it.

14. On 16 June, 2014, Defendant told this Court, "Defendant currently has no plans to use material written by the Plaintiff." Memo, ¶ 14. It seems that his plans have changed. On 19 June, 2014, Defendant posted screen caps of at least eight articles from Mr. Hoge's *Hogewash!* website on Defendant's @wmsradionetwork[1] Twitter account. *See* Exhibit A for an example. He has continued this practice since the 19th. Defendant's history of breaking promises leads Mr. Hoge to view him as untrustworthy. For example, during a mediation session concerning several hundred pending charges for violation of a peace order, Defendant agreed to drop his appeal of the six month extension of the order in exchange for Mr. Hoge's recommendation to the State's Attorney to enter *nolle prosequi* on the pending charges. The charges were dropped on Mr. Hoge's recommendation, but Defendant did not drop his appeal.[2] A court order is necessary to compel Defendant's compliance with the law. The preliminary injunction should be granted.

---

[1] Defendant often renames his Twitter account. In the two days between when the tweet in Exhibit A was first noticed and the date it was archived by downloading, the account name had changed to @wmsbroadcasting.

[2] *Schmalfeldt v. Hoge*, Petition Docket No. 29, Sept., 2014 (Md.), cert. denied 19 June, 2014.

5

## THE BALANCE OF HARMS WEIGHS IN MR. HOGE'S FAVOR

15. Defendant is at best disingenuous when he tells the Court that forcing him to refrain from infringing Mr. Hoge's copyrights will somehow deprive him of his First Amendment right to speak and write about Mr. Hoge. Even if he were strictly forbidden to quote Mr. Hoge, he could still tell his readers where to find what Mr. Hoge had written and encourage them to go read it for themselves. Moreover, he would still be free to write about Mr. Hoge, but without some relief, Mr. Hoge will lose control of the use of his intellectual property and will be at risk of some degree of ongoing (and potentially increasing) infringement. Barring Defendant from quoting Mr. Hoge may seem drastic, but the evidence will show that (1) Defendant does not know how to stay on the right side of the line between Fair Use and infringement and that (2) he is obsessed with Mr. Hoge and the readers who comment at *Hogewash!*. Thus, the balance of harms clearly favors granting the preliminary injunction.

## A PRELIMINARY INJUNCTION IS IN THE PUBLIC INTEREST

16. The public interest is served by enjoining violations of federal laws, and Defendant has not offered this Court any legitimate reason to do otherwise. Thus, a preliminary injunction in the instant lawsuit should be favorable to the public because it

would uphold the public's interest in copyright protection without unduly burdening the Defendant.

17. No comment in necessary.

## Memorandum Supporting Defendant's Motion to Dismiss

The balance of ECF No. 19 appears to be a second memorandum from Defendant supporting his motion to dismiss, perhaps a reply to Mr. Hoge's yet-to-be-filed (as of 16 June) opposition to the motion to dismiss. Mr. Hoge states the following in opposition to the additional memorandum ("MTD2"):

18. Defendant attempts to raise a defense based on whether or not the works in question are copyrightable. He is entitled to do so, but he has not built the factual record to do so. The motion to dismiss should be denied.

19, 20, and 21. Defendant again suggests a Fair Use Defense, and, again, he has failed to build any factual record to support such a defense. The motion to dismiss should be denied.

22. Whether or not the infringed works contain brief quotes from the Defendant's writings is immaterial to the matter at hand. Mr. Hoge alleges that Defendant misappropriated entire or substantial portions of articles and that his works are covered by copyright. Exhibits A through X are not accurate reproductions of Mr. Hoge's writings.

Defendant thinks that some of Mr. Hoge's works are "so short" that they do not deserve copyright protections. This is not what the court found in *Foxworthy v. Custom Tees, Inc., et al.*, 879 F.Supp. 1200 (N.D.Ga. 1995). That case deals with a T-shirt company that was selling shirts based on comedian Jeff Foxworthy's famous "you might be a redneck" routine (*e.g.*, "You might be a redneck if ... you've ever financed a tattoo."). The *Foxworthy* court noted that the comedian's ideas for jokes are not copyrightable, but when one copies "the precise words used to present them" a violation of copyright occurs. *Id.* at 1219. So if Defendant might be a copyright infringer ... if he thinks he can reproduce one-liner jokes with impunity. The motion to dismiss should be denied.

23. Defendant again attempts to raise a defense based on whether or not the works in question are copyrightable and does so with any factual record to support that defense. The motion to dismiss should be denied.

24. Mr. Hoge alleges that Defendant published the same materials in both *My Slow, Journalistic Death* and *Brain Dead* and that he did so without permission. Mr. Hoge alleges that his works are covered by copyright. The motion to dismiss should be denied.

25 and 26. Mr. Hoge has alleged that he is the lawful copyright holder of the world book and ebook rights to the work in question and that Defendant republished the bulk of the work without permission. At this stage of the lawsuit, Mr. Hoge's allegations are

8

entitled to a presumption of truth. Defendant can seek the documents that concern him during discovery.

27. Defendant makes the allegation that Mr. Hoge's claims are unsupported by a "single application to the US Copyright Office." Mr. Hoge does not believe that Defendant has the "evidentiary support" required by Fed. R. Civ. P. 11(b)(3) to make such a factual contention.

## CONCLUSION

Defendant's Memo and MTD2 are entirely without merit. He cites non-germane case law and irrelevant facts. On the other hand, Mr. Hoge has alleged facts with sufficient particularity to establish the Defendant has infringed Mr. Hoge's copyrights and to establish claims upon which relief can be granted. Mr. Hoge's lawsuit is likely to succeed on the merit. Mr. Hoge faces irreparable harm without a preliminary injunction, and the balance of harms is in Mr. Hoge's favor. A preliminary injunction restraining violation of federal copyright law is in the public interest.

WHEREFORE, Mr. Hoge asks this Honorable Court to GRANT his Motion for Preliminary Injunction.

Date: 23 June, 2014                    Respectfully submitted,

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland 21157
(410) 596-2854
himself@wjjhoge.com

**Verification**

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief and all copies are true and accurate reproductions of the originals.

William John Joseph Hoge

**Certificate of Service**

I certify that on the 23rd day of June, 2014, I served a copy of the foregoing Reply to ECF No. 19 on William M. Schmalfeldt by First Class Mail to Trailer 71, 6636 Washington Blvd., Elkridge, Maryland 21075.

William John Joseph Hoge