|                              |                                      |
| ---------------------------- | ------------------------------------ |
| William John Joseph Hoge,    | UNITED STATES DISTRICT COURT         |
| *Plaintiff,*                 | FOR THE DISTRICT OF MARYLAND         |
|                              | NORTHERN DIVISION                    |
| v.                           |                                      |
|                              |                                      |
| William M. Schmalfeldt,      | Case No. ELH-14-CV-1683              |
| *Defendant.*                 |                                      |

PLAINTIFF HOGE'S MOTION TO STRIKE ECF NO. 20,
DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS,
AND OPPOSITION TO SAME

COMES NOW Plaintiff William John Joseph Hoge and moves this Court to STRIKE Defendant's Supplemental Motion to Dismiss. (ECF No. 20) ("MTD3"). In support of his motion and in opposition to Defendant's motion Mr. Hoge states as follows:

Defendant's MTD3 is redundant with his previous filings. It cites no new relevant case law and appears to be based on Defendant's misunderstanding of the Federal Rules of Civil Procedure. It misstates facts. Finally, Defendant improperly seeks sanctions against Mr. Hoge.

## DEFENDANT'S MOTION IS REDUNDANT

Defendant has previously filed a Motion to Dismiss (ECF No. 15) which included a memorandum and a Memorandum in Support of Defendant's Motion to Dismiss (ECF No. 19, ¶¶ 18-27). Defendant has now filed a redundant motion to dismiss which should be stricken.

## DEFENDANT CITES NO NEW RELEVANT CASE LAW

Defendant cites *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591 (4th Cir. 2013), claiming that the Fourth Circuit has ruled that "mere application is not sufficient" to allow a copyright infringement suit to go forward. (MTD3 at 3) No such thing can be found in that opinion. Rather, the case deals with a dispute over what the existing registration certificates covered.

> It is uncontested that MRIS filed registration applications with the Copyright Office for the copyrighted material in the Database under the regulations governing automated databases, and attained corresponding certificates of registration. However, the parties dispute the *scope* of those registrations.

*Id.* 597. Defendant offers no other new points of law to bolster his failing proposition that the Court should overturn it's current precedent.[1] If not stricken, the supplemental

---

[1] *Patrick Collins, Inc. v. Does 1-22*, 11-CV-01772-AW ECF No. 18 (D.Md. 2011).

2

motion to dismiss should be denied.

### DEFENDANT DOES NOT UNDERSTAND FED. R. CIV. P 8(a)

Defendant seems to believe that a plaintiff must lay out all of his evidence as a part of his complaint. Mr. Hoge's amended complaint alleges a short and plain statement of the grounds for the court's jurisdiction, a series of short and plain statements of claims showing that the Mr. Hoge is entitled to relief, and a demand for the relief sought. That is all that is required to state a claim upon which relief can be granted. Of course, Mr. Hoge will have to prove his case, and he intends to offer the evidence necessary in hearings and at trial. The idea that Mr. Hoge should have presented his entire case prior to the Court's ruling on a Rule 12(b)(6) motion is not grounds for granting the instant motion. If not stricken, the supplemental motion to dismiss should be denied.

### MR. HOGE HAS ALLEGED THAT *BRAIN DEAD* INFRINGES HIS COPYRIGHT

Mr. Hoge's amended complaint alleges that *Brain Dead* infringes the same copyrighted work as *My Slow, Journalistic Death*. ECF No. 9, ¶¶ 23-25. If not stricken, the supplemental motion to dismiss should be denied.

## OTHER ERRORS

Mr. Hoge denies that he has ever written anything defamatory or libelous about Defendant.

Mr. Hoge denies that the instant lawsuit has any purpose other than protection of his copyrights. As noted in *Ebay Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388 (2006), part of a copyright is the right to exclude the use of one's work by others.

Mr. Hoge denies that the exhibits included with MTD3 are accurate reproductions of his works.

Defendant notes that Mr. Hoge encourages others to quote from or, in some instances, reuse entire articles published on *Hogewash!*, and it is true that Mr. Hoge grants limited permission to do so. The applicable portions of the Hogewash! Terms of Service[2] read:

> 4. Permission is granted to read, quote, cite, link to, print out, or otherwise use *Hogewash!* content under the following terms of use:
>
> A. All quotations from *Hogewash!* must include credit to *Hogewash!* or to W. J. J. Hoge and, wherever practicable, a hyperlink of the form http://www.hogewash.com/ to this site.
>
> ...
>
> C. You agree that efforts to use *Hogewash!* content in violation of these terms of use constitute a violation of *Hogewash!*'s copyright...

---

[2] http://hogewash.com/the-fine-print/ downloaded 24 June, 2014.

These terms do not offer blanket permission to use Mr. Hoge's works. They are conditional. As will be shown during the hearing for the motion for preliminary injunction, Defendant has not met these minimal conditions and is, thus using the works without permission.

### DEFENDANT'S REQUEST FOR SANCTIONS DOES NOT COMPLY WITH FED. R. CIV. P. 11(c)(2)

Rule 11(c)(2) states

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Defendant has not made his request for sanctions in a separate motion. As of this writing, Mr. Hoge has not been served with a copy of MTD3; he is working from what he found on PACER. Mr. Hoge was not given any time to withdraw or correct any sanctionable item prior to the request being filed. Defendant's request for sanctions is wholly improper. If not stricken, it should be denied.

## CONCLUSION

Defendant's MTD3 is entirely without merit.

WHEREFORE, Mr. Hoge asks this Honorable Court to STRIKE Defendant's Supplemental Motion to Dismiss or, alternatively, to DENY the Motion.

Date:  24 June, 2014                                        Respectfully submitted,

*[signature]*

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland  21157
(410) 596-2854
himself@wjjhoge.com

### Verification

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*[signature]*
William John Joseph Hoge

### Certificate of Service

I certify that on the 24th day of June, 2014, I served a copy of the foregoing Opposition to ECF No. 20 on William M. Schmalfeldt by First Class Mail to Trailer 71, 6636 Washington Blvd., Elkridge, Maryland  21075.

*[signature]*
William John Joseph Hoge