U.S. DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
(Northern Division)

WILLIAM JOHN JOSEPH HOGE III )
)
*Plaintiff,* )
) Case Number 1:14-cv-01683-ELH
v. )
)
WILLIAM M. SCHMALFELDT )
)
*Defendant.* )
)

## DEFENDANT'S REPLY TO PLAINTIFF'S MOTION AND OPPOSITION TO STRIKE DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS (ECF 20)

Comes now Pro Se Defendant William M. Schmalfeldt in reply to Plaintiff William John Joseph Hoge III's Motion to Strike ECF 20, Defendant's Supplemental Motion to Dismiss. In support of his reply, Mr. Schmalfeldt states the following:

Defendant agrees with Plaintiff's assessment of what he affectionately calls MTD3 as being redundant, and has no objection to it being stricken. However, as Plaintiff raises questions in his Motion and Opposition to Strike, Defendant will choose to answer these questions to the best of his ability.

### DEFENDANT'S MOTION IS REDUNDANT

Not addressed as his point is taken and agreed with.

### DEFENDANT CITES NO NEW RELEVANT CASE LAW

Defendant respectfully disagrees with Plaintiff, but as he has no objection to ECF 20 being stricken, his disagreements are moot.

1

## DEFENDANT DOES NOT UNDERSTAND FED. R. CIV. P 8(a)

Given the dressing-down Plaintiff received in this Court's rejection of his Preliminary Injunction motion, it seems that Plaintiff is hardly in the position to say what the Defendant does or does not understand. As much of the Plaintiff's case seems to be based on insulting the defendant's intelligence, the Defendant apologizes to the court for lacking the Plaintiff's "Oliver Wendell Jones-esque" grasp of legal issues. However, the Plaintiff's gratuitous insults aside, Defendant has not demanded or stated a belief that a plaintiff must lay out all of his evidence as part of his complaint. However, as stated in his original Motion to Dismiss (ECF 15), the Plaintiff's "saying" that he has stated a claim upon which relief can be granted is not rule of law as that determination must come from the Judge in this case. Defendant maintains his stance that Mr. Hoge has yet to demonstrate a claim upon which relief can be granted.

For instance, if a Plaintiff has granted permission to use his material on his blog's Terms of Use, the Plaintiff is not the decider of fact as to what is "practicable" and what is not. The Court addressed that issue in its Memorandum Order Dismissing Plaintiff's Motion for Preliminary Injunction in the instant case

> **As indicated, at the hearing plaintiff introduced the Terms of Service governing his *Hogewash!* website. Pla. Hrg. Exh. 8; *see supra* (quoting relevant provisions of Terms of Service). Notably, defendant stated that he had also intended to introduce the Terms of Service as an exhibit, in support of his own position. The relevant provision of the Terms of Service permits quotations from *Hogewash!*, so long as credit is given to *Hogewash!* or to Mr. Hoge and, "wherever practicable," a hyperlink to the *Hogewash!* website is provided. *Id.* at 2.**
>
> **This is not a case in which the defendant has sought to pass off a copyright holder's materials as his own. Rather, where defendant has used materials from *Hogewash!*, he appears to have generally included**

2

> attribution, in one form or another, to Hoge. Nevertheless, defendant did not include a hyperlink to plaintiff's website, because—as defendant explained at the hearing—he did not want to increase visitor "traffic" to plaintiff's website.
>
> To be sure, the parties disagree as to the meaning of the term "practicable." And, uncertainty remains as to when the use of a hyperlink to the *Hogewash!* website is "practicable."
>
> In any event, for purposes of the present Motion, it is apparent that defendant has a non-frivolous argument that his use of postings from *Hogewash!* complied with the website's Terms of Service.
>
> *(Hoge v. Schmalfeldt, ECF 31 at pages 20-21)*

Defendant maintained and continues to maintain that since Defendant is not allowed to post his replies to the vile, libelous, scurrilous things written about him by Plaintiff and his commenters, Defendant has but one option to reply, and that is on his Twitter feed and on his blog. It is Defendant's contention that he satisfies the Plaintiff's original terms of service, which the Defendant changed substantially on June 26, 2014, immediately following the Preliminary Injunction Hearing in this case. *[See Exhibits A and B].*

Defendant maintains that by making these changes, the Plaintiff has proven the Defendant's assertion that Defendant was, in fact, permitted to use the material and the new, more stringent rules are meant to keep Defendant and others from using the material as permitted in the past. The new Terms of Service seem to outlaw everyone who disagrees with the Plaintiff from using his material, as is (we suppose) his right. This right does not extend to the use of comments, to which the Plaintiff does not own the copyright. Defendant will comply with Plaintiff's new, adjusted and improvised Terms of Service.

## MR. HOGE ALLEGES THAT BRAIN DEAD INFRINGES HIS COPYRIGHT

This Court addressed the issue of Plaintiff's claim of copyright ownership of his comments in its Memorandum Opinion Dismissing Plaintiff's Motion for Preliminary Injunction.

> **...it is not entirely clear under what circumstances plaintiff, as the owner of "royalty-free license[s]" but not of the comments themselves, can bring a copyright infringement claim based on alleged misappropriation of comments appearing on *Hogewash!* that were authored by third parties. Significantly, several uses by defendant of plaintiff's material—including the uses at issue in Counts I and II—involve material from *Hogewash!* that largely consists of reader comments, which were not authored by plaintiff.**
>
> *(Hoge v. Schmalfeldt, ECF 31 at page 21)*

Since the only other use from the late book *"Brain Dead"* Plaintiff claims infringes his copyright is the one liner from his daily "Pinky and the Brain" bit of whimsy, there is no copyright, therefore no infringement.

## OTHER ERRORS

Plaintiff denies in his Motion that he has "ever written anything defamatory or libelous about Defendant." As libel is a legal determination, I suppose that Plaintiff has a point as I do not have a decision from a judge or jury (yet) that Mr. Hoge has *libeled* me. Defamation, however, is another story. Two examples are submitted, but there are many, many more. [See Exhibits C and D]

Plaintiff can huff and puff all he wants about the current case being brought for no other reason than protection of his copyrights. That rationale dissolves like tissue paper in water when applied to all the other people who have used Mr. Hoge's full blog posts, either with or without permission and are currently walking around

un-sued by Plaintiff. It will be apparent by the conclusion of this case that the Plaintiff has one reason for filing this suit, and that is to use yet another Court of Law as a weapon against this Defendant

## DEFENDANT'S REQUEST FOR SANCTIONS DOES NOT COMPLY WITH FED. R. CIV. P. 11(c)(2)

Again, Defendant bows to Plaintiff's experience with lawsuits, this being the Defendant's first. As Defendant's mother used to tell him and *Ecclesiastes 3* clearly states:

***"To everything there is a season, and a time to every purpose under the heaven;"***

When the appropriate time comes to ask for sanctions, Defendant will file the proper motions.

## CONCLUSION

Although politely disagreeing that ECF 20, or MTD3 (as Plaintiff calls it) is *entirely* without merit, it is redundant and Defendant has no objection to it being stricken. Defendant will stand on his original motion to dismiss, augmented by this Court's findings regarding the improbability of Plaintiff succeeding on the merits of his case. Defendant asks that the Judge take judicial notice of the fact that Plaintiff changed his blog's Terms of Service on the afternoon after the Preliminary Injunction Hearing on June 26, 2014 where Defendant maintained the Terms of Service, in their previous incarnation, expressly permitted Defendant's use of Plaintiff's material. Defendant intends to ask this Court at whatever hearing is next on the schedule to DISMISS the Plaintiff's Amended Complaint and to allow the Defendant to proceed with his previously-filed Counterclaim.

In this Court's recent Memorandum Opinion denying Plaintiff's Motion for a Preliminary Injunction, the Court pointed out the numerous and potentially fatal weaknesses in Plaintiff's case.

And what was Plaintiff's response in learning that his motion had been denied?

> **Of course, I am disappointed, but the judge's ruling points out several ways that I can clarify my case to the court as the lawsuit proceeds.**
> *(See Exhibit E)*

Such statements should show the proof of what this Defendant has been saying all along, ever since the first of his 367 frivolous criminal complaints were filed against Defendant, ever since Plaintiff misspoke about the difficulty of "blocking" Defendant on "Twitter" to a Carroll County, Maryland, Circuit Court Judge, and now that he has run out of States' Attorneys offices to file his vexatious complaints with, it should be abundantly clear that this Plaintiff's intention here is not to seek relief for a copyright infringement.

This Plaintiff's motive seems to be exactly what Defendant maintains it is. A "war of attrition." A desire to wear down the Defendant, to "run him to ground" until he either throws up his hands and gives up because his Parkinson's disease-stricken body just can't handle it any more, or until the Defendant dies as the result of the enhanced acceleration of Parkinson's that is caused by such stress. *(Exhibit F)*.

Plaintiff is an intelligent, learned man, accomplished in his field. He is certainly able to read the handwriting on the wall. His choosing to ignore it can only mean he intends to push his case to the bitter end. More's the better if it happens to be the Defendant's "Bitter End" as well.

Since this Court has already determined in its Memorandum Opinion denying Plaintiff's Motion for a Preliminary Injunction that Plaintiff is not likely to succeed on the merits of his Amended Complaint, this Court should dismiss Plaintiff's Amended Complaint and allow the Defendant to pursue his Counterclaim with no further delay by the Plaintiff. If it please the Court, Defendant requests a hearing date on his Motion to Dismiss at the earliest opportunity.

DATED: JULY 3, 2014                         Respectfully submitted,

                                            William M. Schmalfeldt, *PRO SE*
                                            6636 Washington Blvd. Lot 71
                                            Elkridge, MD 21075
                                            410-206-9637
                                            bschmalfeldt@comcast.net

### Verification

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief and all copies are true and correct representations of the original documents.

William M. Schmalfeldt

### Certificate of Service

I certify that on the 3rd day of July, 2014, I served a copy of the foregoing Reply to Plaintiff's Motion for Preliminary Injunction and Memorandum in Support of Defendants Motion to Dismiss by First Class Mail to W.J.J.Hoge, 20 Ridge Road, Westminster, MD 21157 by First Class Main, Certified, Return Receipt Requested.

William M. Schmalfeldt