_____FILED _____ENTERED
_____LODGED _____RECEIVED

**U.S. DISTRICT COURT FOR THE**
**DISTRICT OF MARYLAND**
**(Northern Division)**

JUL 1 8 2014

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                          DEPUTY

| | |
|---|---|
| WILLIAM JOHN JOSEPH HOGE III | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| | ) **Case Number 1:14-cv-01683-ELH** |
| v. | ) |
| | ) |
| WILLIAM M. SCHMALFELDT | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES pro se Defendant William M Schmalfeldt, and for the reasons

set forth more fully in the attached memorandum in support together with attached

exhibits, moves the Court to enter summary judgment in favor of the Defendant and

against Plaintiff William John Joseph Hoge III, dismissing with prejudice all of

Plaintiff's claims in accordance with the Federal Rules of Civil Procedure 56 and

Local Rule 2-501 on the basis that there are no genuine issues of material fact in

dispute and Defendant is entitled to judgment as a matter of law.

U.S. DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **WILLIAM JOHN JOSEPH HOGE III** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **Case Number 1:14-cv-01683-ELH** |
| **v.** | ) | |
| | ) | |
| **WILLIAM M. SCHMALFELDT** | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

## TABLE OF CONTENTS

BACKGROUND.................................................................................................1

SUMMARY JUDGMENT STANDARD.............................................................1

UNDISPUTED FACTS......................................................................................2

DISCUSSION...................................................................................................3

CONCLUSION.................................................................................................7

## TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)..............................1

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).........................................1

*Desmond v. PNGI Charles Town Gaming, L.L.C.,* 630 F.3d 351, 354 (4th Cir. 2011)......2

*Equal Rights Center v. Archstone Smith Trust*, 603 F. Supp. 2d 814, 820 (D. Md. 2009)
.................................................................................................................2

*Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt,* 700 F.2d 341, 349 (7th Cir. 1983)). ..........................................................................................................2

*Lasercomb America, Inc. v. Reynolds,* 911 F.2d 970 (4th Cir. 1990)............................4, 5

See *Rossignol v. Voorhaar,* 316 F.3d 516, 523 (4th Cir. 2003)........................................2

*Shealy v. Winston,* 929 F.2d 1009, 1012 (4th Cir. 1991)..................................................1

## STATUTES

17 USC § 101..........................................................................................................................6

17 USC § 411(a)..................................................................................................................2, 3

**BACKGROUND**

The Court is already familiar with the background of the instant case involving Plaintiff's claim of copyright infringement against Defendant.

## I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings and supporting documents show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a).*

The well-established principles pertinent to summary judgment motions can be distilled to a simple statement: The Court may look at the evidence presented in regard to a motion for summary judgment through the non-movant's rose-colored glasses, but must view it realistically. After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a matter of law. See, e.g., *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986*); Shealy v. Winston,* 929 F.2d 1009, 1012 (4th Cir. 1991). Thus, in order to defeat a motion for summary judgment, "the party opposing the motion must present evidence of specific facts from which the finder of fact could reasonably find for him or her." *Mackey v. Shalala,* 43 F. Supp. 2d 559, 564 (D. Md. 1999) (emphasis added). When evaluating a motion for summary judgment, the Court must bear in mind that the "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but (rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive  determination of every action.'" *Celotex,* 477 U.S. at 327 (quoting Rule 1

of the Federal Rules of Civil Procedure). "Cross motions for summary judgment 'do

not automatically empower the court to dispense with the determination whether

questions of material fact exist.'" *Equal Rights Center v. Archstone Smith Trust*, 603 F.

Supp. 2d 814, 820 (D. Md. 2009) (*quoting Lac Courte Oreilles Band of Lake Superior*

*Chippewa Indians v. Voigt,* 700 F.2d 341, 349 (7th Cir. 1983)). Rather, the court must

examine each party's motion separately and determine whether summary judgment

is appropriate as to each under the Rule 56 standard. *Desmond v. PNGI Charles Town*

*Gaming, L.L.C.,* 630 F.3d 351, 354 (4th Cir. 2011). The court may grant summary

judgment in favor of one party, deny both motions, or grant in part and deny in part

each of the parties' motions. See *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir.

2003).

## II. UNDISPUTED FACTS

There is no genuine dispute regarding the following facts:

1   On May 27, 2014, Plaintiff filed a Copyright Infringement Claim

against Defendant in this Court.

2.   According to the receipt generated by the U.S. Copyright Office's

website at http://copyright.gov, Plaintiff did not file applications for

Copyright Protection with the U.S. Copyright Office until June 5, 2014.

(Exhibit A).

3.   According *17 USC § 411(a):*

Except for an action brought for a violation of the rights of the author
under section 106A (a), and subject to the provisions of subsection
(b), *no civil action for infringement of the copyright in any United*
*States work shall be instituted until preregistration or registration*
*of the copyright claim has been made in accordance with this title.*
In any case, however, where the deposit, application, and fee required

2

for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights. The Register may, at his or her option, become a party to the action with respect to the issue of registrability of the copyright claim by entering an appearance within sixty days after such service, but the Register's failure to become a party shall not deprive the court of jurisdiction to determine that issue. *Id.* (Emphasis Added.)

4.      While controversy exists among the various Circuit Courts of Appeal, and sometimes within a particular Circuit, as to whether the application approach or the registration approach should be used by a court to establish whether or not the copyright holder has met his burden of proof in the matter of copyright ownership, there is no controversy that "...***no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title***." Id. Emphasis added.

5.      Given the fact that Plaintiff filed his Copyright Infringement Suit one full week before filing his copyright applications through the US Copyright Office's website, the Plaintiff has not met the prerequisite for filing a copyright infringement suit as set forth in *17 USC 411(a)*. Therefore, the Plaintiff has filed a claim for which relief cannot be granted.

## III.    DISCUSSION

6.      Even in the absence of this absolutely disqualifying factor, the Plaintiff files this suit with Unclean Hands. He charges defendant with using portions of his blog, Hogewash.com, on Defendant's former Patriot-Ombudsman blog while, all

along, he has done the exact same thing. Therefore, the Plaintiff should not be allowed to prevail in his suit as he is in violation of the Unclean Hands Doctrine.

7.      Even in the absence of all above, the Plaintiff should be disqualified from pursuing his claim as he has engaged in Copyright Misuse.

8.      Though the idea of copyright misuse as a defense is not new, (*See infra* notes 130-62 and accompanying text (discussing Fourth Circuit's opinion in *Lasercomb America, Inc. v. Reynolds*, 911 F.2d 970 (4th Cir. 1990), barring plaintiff's infringement action because plaintiff's actions constituted copyright misuse notwithstanding absence of antitrust violation.) the Fourth Circuit is the first appellate court expressly to apply copyright misuse to bar relief in an infringement acion. The Fourth Circuit's decision in *Lasercomb America, Inc. v. Reynolds* (911 F.2d 970 (4th Cir., 1990) provokes the question of whether prior case law actually supports a copyright misuse defense. (*See infra* notes 44-129 and accompanying text.) Furthermore, if *Lasercomb* correctly recognized a copyright misuse defense, the issue remains whether the scope of the defense should be as broad as *Lasercomb* suggests." (*See infra* notes 178-83 and accompanying text). In other words, should courts recognize copyright misuse as an affirmative defense in an infringement action, and, if so, what constitutes copyright misuse? See infra notes 178-83 and accompanying text) These questions are not new," (*See infra* note 15) but *Lasercomb* has finally provided solid support at the appellate level for the argument that the copyright misuse doctrine, in fact, does exist. Furthermore, the Fourth Circuit's opinion in *Lasercomb* supports the argument that a finding of copyright misuse should rest primarily on the public policy of copyright law rather than on antitrust

standards.'"(*See Lasercomb America, Inc. v. Reynolds, 911 F.2d 970, 978-979* (4th Cir.

1990)(finding explicitly that copyright misuse is valid defense and stating that

finding of misuse depends on whether copyright owner subverted public policy and

not on whether copyright owner violated antitrust law.))

       9.      By attempting to copyright material owned by others in his copyright

application of June 5, Plaintiff has clearly engaged in copyright misuse, and therefore

his claim against Defendant should be summarily dismissed.

       10.     Even if Plaintiff had made a timely copyright application before filing

the instant case, he filed three applications for copyright protection by the U.S.

Copyright Office for his blog, for the entire months of March, April and May. In doing

so, he used the incorrect form, Copyright Form G/DN. Plaintiff's blog does not

qualify as a daily newsletter, as Plaintiff attempted to register it. According to the

U.S. Copyright Office website: (http://www.copyright.gov/eco/help-

newsletters.html)

> Newsletter issues may be registered as a group if they meet **all** of the
> following requirements:
>
> - The newsletter must be a daily newsletter as defined above.
> - ***The newsletter must be a "work made for hire" that is, the employer is the
>   author.***
> - The author (employer-for-hire) must also be the copyright claimant.
> - Each issue must be an essentially all-new collective work or all-new issue
>   that has not been published before.
> - The claim must include two or more issues within a single calendar month.
> - The application must be submitted no later than three months after the last
>   publication date included in the group.
> - One complete copy of each issue included in the group must be deposited. If
>   the newsletter is published only online, one complete print-out of each issue,
>   or a computer disk (or CD-ROM) containing all the issues and a print-out of
>   the first and last issues included in the group, must be sent.

11.     The Hogewash blog is certainly not a "work made for hire" as defined

by *17 USC 101*:

A "work made for hire" is—
(1) a work prepared by an employee within the scope of his or her
employment; or
(2) a work specially ordered or commissioned for use as a contribution to a
collective work, as a part of a motion picture or other audiovisual work, as a
translation, as a supplementary work, as a compilation, as an instructional
text, as a test, as answer material for a test, or as an atlas, if the parties
expressly agree in a written instrument signed by them that the work shall
be considered a work made for hire. For the purpose of the foregoing
sentence, a "supplementary work" is a work prepared for publication as a
secondary adjunct to a work by another author for the purpose of
introducing, concluding, illustrating, explaining, revising, commenting upon,
or assisting in the use of the other work, such as forewords, afterwords,
pictorial illustrations, maps, charts, tables, editorial notes, musical
arrangements, answer material for tests, bibliographies, appendixes, and
indexes, and an "instructional text" is a literary, pictorial, or graphic work
prepared for publication and with the purpose of use in systematic
instructional activities.
In determining whether any work is eligible to be considered a work made
for hire under paragraph (2), neither the amendment contained in section
1011(d) of the Intellectual Property and Communications Omnibus Reform
Act of 1999, as enacted by section 1000(a)(9) of Public Law 106–113, nor the
deletion of the words added by that amendment—
(A) shall be considered or otherwise given any legal significance, or
(B) shall be interpreted to indicate congressional approval or disapproval of,
or acquiescence in, any judicial determination,
by the courts or the Copyright Office. Paragraph (2) shall be interpreted as if
both section 2(a)(1) of the Work Made For Hire and Copyright Corrections
Act of 2000 and section 1011(d) of the Intellectual Property and
Communications Omnibus Reform Act of 1999, as enacted by section
1000(a)(9) of Public Law 106–113, were never enacted, and without regard
to any inaction or awareness by the Congress at any time of any judicial
determinations. *(Id.)*

12.     Another disqualifying factor for Hogewash being registered as a "daily

newsletter is that it is a general interest blog, not a publication or website

containing "news or information of interest chiefly to a special group (for example,

trade and professional associations, corporations, schools, colleges, and churches)."

(*See* http://www.copyright.gov/forms/formgdn.pdf)

13.     Plaintiff's attempt to circumvent the rules and regulations of the U.S.

Copyright Law as codified in Title 17 of the United States Code shows he either did

not do the due diligence necessary in bringing a lawsuit, or he is perpetrating a

fraud on the U.S. Copyright Office. However the Court sees it, for this reason and the

ones stated above, this Court should grand defendant's motion for summary

judgment.

## IV.    CONCLUSION

Based on the totality of the overwhelming evidence, Plaintiff has clearly not

made a claim for which relief can be granted. Defendant therefore requests that the

Court grant his Motion for Summary Judgment against the Plaintiff, dismissing his

claims with prejudice, permitting the Defendant to proceed with his counterclaim,

and allowing him to file a second amended counterclaim, based on things this pro se

defendant has learned about copyright law in his defense of this vexatious and

vindictive fraudulent suit brought by the Plaintiff.

DATED: JULY 17, 2014

William M. Schmalfeldt, ProSe
6636 Washington Blvd #71
Elkridge, MD 21075
bschmalfeldt@comcast.net
410-206-9637

7

## Verification

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief and all copies are true and correct representations of the original documents.

William M. Schmalfeldt

## Certificate of Service

I certify that on the 16th day of June, 2014, I served a copy of the foregoing Reply to Plaintiff's Motion for Preliminary Injunction and Memorandum in Support of Defendants Motion to Dismiss by First Class Mail to W.J.J.Hoge, 20 Ridge Road, Westminster, MD 21157 by First Class Main, Certified, Return Receipt Requested.

William M. Schmalfeldt

8