

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JUL 24   A  9: 48

| | |
|---|---|
| William John Joseph Hoge,<br>*Plaintiff,*<br><br>v.<br><br>William M. Schmalfeldt,<br>*Defendant.* | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF MARYLAND<br>NORTHERN DIVISION<br><br>Case No.  ELH-14-CV-1683 |
| William M. Schmalfeldt,<br>*Counterclaim Plaintiff,*<br><br>v.<br><br>William John Joseph Hoge, et al.<br>*Counterclaim Defendants.* | |

## COUNTERCLAIM DEFENDANT HOGE'S OPPOSITION TO COUNTERCLAIM PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIM (ECF NO. 38)

COMES NOW Counterclaim Defendant William John Joseph Hoge in opposition Counterclaim Plaintiff's Motion for Leave to File Second Amended Counterclaim (ECF No. 38).  In support of his opposition Mr. Hoge states as follows:

## COUNTERCLAIM PLAINTIFF'S MOTION IS FUTILE

Plaintiff has already amended his counterclaim as allowed under Fed. R. Civ. P. 15(a)(1).  He now seeks a further amendment under Rule 15(a)(2).  He does so without the

opposing party's consent, and the Court should not grant him leave to amend.

The Court of Appeals has held that "leave to amend a pleading should be denied …
when the amendment would have been futile." *Laber v. Harvey,* 438 F.3d 404, 426 (4th
Cir. 2006). The futility of Counterclaim Plaintiff's proposed Second Amended
Counterclaim ("SACC") (ECF No. 39) is obvious on the face of the document.

The SACC is Counterclaim Plaintiff's third strike out. The first version of the
counterclaim (ECF No. 5) neglected to state a federal cause of action, resulting in no
subject matter jurisdiction. In the First Amended Counterclaim ("FACC") (ECF No. 8)
Plaintiff attempted to conflate a state law malicious prosecution claim (which was not well
pleaded) with 42 U.S.C. § 1983. He also attempted to use 18 U.S.C. § 2261A as grounds
for a private cause of action. Since neither of those faulty claims could provide a federal
question to establish jurisdiction, he has abandoned them[1] and now moves to file his
SACC (ECF No. 39). Again, he wishes to use a federal criminal statute as the basis for a
civil claim when that statute does not authorize a private cause of action, so, as before,
there is no federal question to provide jurisdiction for the Court under 28 USC § 1331 or
supplementary jurisdiction for his state law claims under § 1367.

Furthermore, the proposed SACC does not address any of the fatal deficiencies in
his state law claims pointed out in Mr. Hoge's motion to dismiss his FACC (ECF No. 10) or

---

[1] Although Counterclaim Plaintiff did not provide a marked up version of his
Counterclaim with his Amended Counterclaim, the redlined version provided with his
Second Amended Counterclaim strikes every word of of the Amended Counterclaim. *See*
ECF No. 39-1.

Mr. Hoge's reply to Counterclaim Plaintiff's opposition to the motion to dismiss the FACC (ECF No. 23).

By filing for a third-party subpoena seeking to identify "Paul Krendler's" address, Counterclaim Plaintiff effectively admitted that he did not know "Krendler's" state of residence. *See* ECF No. 37, ¶ 3. That should be a binding judicial admission. *See Cananwill, Inc. v. EMAR Group, Inc.*, 250 B.R. 533, 542-544 (M.D.N.C 1999) For all he knows, "Krendler" lives in Maryland. Therefore, Counterclaim Plaintiff has no basis for asserting diversity jurisdiction under 28 U.S.C. 1332. His proposed SACC does not address this failing.

The Committee Notes on Rules—2009 Amendment for Fed. R. Civ. P. 15 says that a "responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise." Counterclaim Plaintiff is on his third try to file an proper counterclaim. He has had his errors identified more than once, but he has not used any of his opportunities to correct his errors. He continues to fail to properly state a claim upon which relief can be based.

## THERE IS NO BASIS IN LAW FOR THE FIRST OR SECOND CLAIMS FOR RELIEF IN THE PROPOSED SACC

Even though the general rule against using a federal criminal statute as grounds for a civil claim was pointed out to him in ECF No. 23 (at 8), Counterclaim Plaintiff has

tried the same trick again.

Both the First and Second Claims for Relief in the proposed SACC are based on alleged violations of 17 U.S.C. § 506, subsections (c) and (e). While Mr. Hoge denies Counterclaim Plaintiff's allegations, the SACC does not properly allege the elements of either crime[2]—fraudulent copyright notice or false presentation, but, even if it did, Counterclaim Plaintiff still would not have a valid claim. The statute he cites is a criminal statute which does not provide a private right of action. An extensive search of electronic case law databases failed to turn up a single instance of a federal court allowing a private right of action under § 506. However, there is case law holding that no such right exists. For example: "§ 506 is a criminal provision that does not appear to provide a private right of action." *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d 27, 37, n 10 (2nd Cir. 1982). "We also find that permitting private plaintiffs to seek relief under section 506 is inconsistent with the overall scheme of the legislation[.]" *Donald Frederick Evans v. Continental Homes, Inc.*, 785 F. 2d 897, 913 (11th Cir. 1986).

In both the First and Second Claims for Relief in his proposed SACC, Counterclaim Plaintiff fails to properly allege a claim that he lacks standing to make in the first place. If the Court allows the SACC, those claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Thus, the First and Second Claims are futile.

---

[2] The conclusory nature of the SACC's allegations do not even rise to the "threadbare" level which failed in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## THE PROPOSED SACC FAILS TO STATE A CLAIM FOR EITHER DEFAMATION OR FALSE LIGHT

In *Piscatelli v. Van Smith,* 424 Md. 294, 35 A.3d 1140, 1147 (2012), the Maryland

Court of Appeals stated that

> In order to plead properly a defamation claim under Maryland law, a
> plaintiff must allege specific facts establishing four elements to the
> satisfaction of the fact-finder: (1) that the defendant made a defamatory
> statement to a third person, (2) that the statement was false, (3) that the
> defendant was legally at fault in making the statement, and (4) that the
> plaintiff thereby suffered harm.

(internal quotation marks omitted). Counterclaim Plaintiff cannot merely make

conclusory allegations that Mr. Hoge's statements were false. The burden of proof

in a defamation case rests on the plaintiff. *See Jacron Sales Co., Inc. v. Sindorf,* 276

Md. 580, 597 (1976). In Maryland, a defamation plaintiff must also plead malice.

*See Jacron* at 600. While "Rule 9(b) ensures there is no *heightened* pleading

standard for malice, ... malice must still be alleged in accordance with Rule 8— a

'plausible' claim for relief must be articulated." *Mayfield v NASCAR,* 474 F.3d 368,

377 (4th Cir. 2012) (Italics in the original). Further, Fourth Circuit Court of

Appeals says that the plausibility standard is now defined by *Bell Atlantic Corp. v.

Twombly,* 550 U.S. 544, 555 (2007). *Mayfield* at 377.

The proposed SACC fails to state with particularity the who/what/when/

where/how of Counterclaim Plaintiff's case. With "no specific description of the

content of the alleged statements, nor when and how they were communicated," he fails to properly state a claim upon which relief can be granted. *Brown v. Ferguson Enterprises, Inc.*, 12-CV-1817-CCB, ECF No. 26 (D.Md. 2012) at 5. There is nothing in the Third Claim for Relief that ties together allegations of exactly what Mr. Hoge said or wrote, to whom he said or wrote it, when he said or wrote it, where he may have published it, or how it was defamatory.

This Court noted in *Crowley v. Fox Broadcasting Co.* that "[i]n Maryland, a claim for false light invasion of privacy may not stand unless the claim also meets the standards for defamation." 851 F.Supp. 700, 704 (D.Md. 1994). *See also Piscatelli* at 1146-1147. The Fourth Claim for Relief in the proposed SACC does not properly allege that Mr. Hoge is legally at fault for any statement. It does not even offer a conclusory allegation the Mr. Hoge acted negligently. It does not properly plead damages, and a defamation or false light plaintiff may only "recover compensation for actual injury". *See Jacron*, at 601.

None of these defects are brand new in the proposed SACC. They were noted in Mr. Hoge's previous filings. *See, e.g.*, ECF Nos. 10 and 23. If Counterclaim Plaintiff hasn't alleged the elements of these torts by now, it is reasonable to assume that he can't consistent with Rule 11. If the Court allows the SACC, those claims should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Thus, the Third and Fourth Claims are futile.

## THE PROPOSED SACC OFFERS NO BASIS FOR A CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Under Maryland law, "intentional infliction of emotional distress is an element of damage, not an independent tort." *Hamilton v. Ford Motor Credit Co.*, 66 Md. App. 46 (1986). The Maryland Court of Appeals adds, "In Maryland, recovery of damages for emotional distress must arise out of tortious conduct." *Exxon Mobil Corp. v. Albright*, 433 Md. 303, 71 A.3d 30, 58 (2013). Since each of the Counterclaim Plaintiff's alleged torts in all three version of his counterclaim fail, he cannot recover for intentional infliction of emotional distress.

Once again, if the Court were to allow the SACC, Counterclaim Plaintiff's claim for intentional infliction of emotional distress should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Thus, the Fifth Claim for Relief is futile.

## *PRO SE* IS NO EXCUSE

Mr. Hoge recognizes (and is thankful for) the patience the Court has shown in the instant lawsuit while dealing with a pair of *pro se* litigants. However, *pro se* status does not grant a license to evade the requirement to properly plead one's case. "Liberal construction does not mean that a court can ignore a clear failure in the pleading to allege

facts that set forth a claim cognizable in a federal district court." *Solomon v. Dawson*, 13-CV-01951-PWG, ECF No.5. (D. Md. 2013), at 2.

Just like his original Complaint and First Amended Complaint, Counterclaim Plaintiff's proposed Second Amended Complaint is fatally flawed.  If the Court grants leave to file it, the end result will be dismissal of under either Fed. R. Civ. P. 12(b)(1) or 12(b)(6) or both.

Counterclaim Plaintiff is likely to keep trying to invent a federal cause of action to support his state law counterclaims.  One wonders what he will imagine as the basis of his Third, Fourth, Fifth, *ad infinitum*, Amended Counterclaims, but there is no reason why this Court should find out.  Judicial economy suggests that his quest be ended now.  If Counterclaim Plaintiff wants to press his state law claims, let him do so in a Maryland court.  This Court should not allow further amendments and should proceed to consider the First Amended Counterclaim and subsequent related motions, etc.


### CONCLUSION


WHEREFORE, Counterclaim Defendant Hoge asks this Honorable Court to deny Counterclaim Plaintiff's Motion for Leave to File Second Amended Counterclaim and to order that Counterclaim Plaintiff shall not file further amendments to his counterclaim.

Date:  24 July, 2014

Respectfully submitted,

William John Joseph Hoge, *pro se*
20 Ridge Road
Westminster, Maryland  21157
(410) 596-2854
himself@wjjhoge.com


## Verification

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

William John Joseph Hoge


## Certificate of Service

I certify that on the 24th day of June, 2014, I served a copy of the foregoing Oposition to ECF No. 38 on William M. Schmalfeldt by First Class Mail to Trailer 71, 6636 Washington Blvd., Elkridge, Maryland  21075.

William John Joseph Hoge