# U.S. DISTRICT COURT FOR THE
# DISTRICT OF MARYLAND
### (Northern Division)

WILLIAM JOHN JOSEPH HOGE )
                          )
    *Plaintiff,*         )
                          ) Case Number 1:14-cv-01683 ELH
v.                        )
                          )
WILLIAM M. SCHMALFELDT    )
                          )
    *Defendant.*         )
_____)

## CORRESPONDENCE TO THE COURT FROM DEFENDANT REGARDING THE ALTERNATIVE DISPUTE RESOLUTION "SETTLEMENT" HEARING SET BEFORE FEDERAL MAGISTRATE JUSTICE TIMOTHY J. SULLIVAN ON AUGUST 14, 2014

NOW COMES Defendant William M. Schmalfeldt with this correspondence to the Honorable Judge Ellen L. Hollander in regards to her order for an Alternative Dispute Resolution "Settlement" hearing, which has been scheduled to be heard by Federal Magistrate Judge Timothy J. Sullivan on August 14, 2014 at 10am.

**BARRING A DECISION FROM THE HONORABLE COURT DISMISSING THE INSTANT COPYRIGHT INFRINGEMENT CASE, DEFENDANT FEELS HE HAS NOTHING TO TALK ABOUT WITH PLAINTIFF, OTHER THAN A DISCUSSION OF THE TERMS BY WHICH THE DEFENDANT, AS COUNTERCLAIM PLAINTIFF, MIGHT SETTLE HIS COUNTERCLAIM AGAINST**

1

**no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.**

It does not matter whether this Court adopts the application approach or the registration approach in regards to the suitability of Plaintiff's application as justification for filing a copyright infringement suit. This court will be creating new law if it allows a plaintiff to bring a copyright infringement suit without even bothering to file the most basic prerequisite of all in the U.S. Copyright Act.

Even if Plaintiff had filed timely applications, there is the matter of his having filed three months of Hogewash blogs as "daily newsletters," a classification for which the blog does not qualify, his attempt to copyright material written by the defendant, and his attempt to copyright the public domain, U.S Government works embodied in the 70 NASA photos he includes in his group application.

We've seen the e-mail "understanding" between "Krendler" and the defendant by which Plaintiff took action, that very night, to effect a DMCA takedown of his book, Intentional Infliction. We have yet to see a legal copyright transfer agreement signed by the originator of the material. Hoge's assertion that I will "harass" Mr. Krendler are spurious and part of the carefully crafted "Bill Schmalfeldt is a Deranged Cyberstalker and Adjudicated Harasser" meme he and his associates have created, and he now uses to try to blind this court to the actual fact that this Defendant has harassed nobody, has never been convicted in a court of law of harassment or anything else, and only one Carroll County Circuit Court Judge who admitted from the bench he had no idea what "the Twitter" was all about agreed

with Hoge's mistaken assumptions about this court's precedent in US v. Cassidy wherein this court decided that hundreds of foul, putrid, obscene posts directed to a person were not "harassment" because they were posted on Twitter, which is a public bulletin board that a person can either choose to read or not read. It is not a direct communication, as required by Maryland Law 3-803 or 3-805. When Defendant tried to explain the position of the state legislature and the state Attorney General on this issue, he was waved off by the judge with the admonishment, "The attorney general is just another lawyer as far as this court is concerned."

Even if we get past the fatal flaws in Hoge's filing of his copyright applications, the untimely filing of the copyright infringement suit, there remains the matter of Hoge's Terms of Service which explicitly allowed Defendant to copy and paste items from Hoge's blog, the dirty hands with which Hoge approaches this court having done precisely the same thing (although expressly FORBIDDEN by Schmalfeldt's own Terms of Service) with a haughty "No, I will not link to it," his misuse of copyright to allow some but not others who are under the same Terms of Service to use his material, and his Fraud on the US Copyright Office by attempting to copyright Defendant's original material and public domain, US Government produced works.

All this being said, your honor, Defendant sees nothing to be gained by sitting in a room with the Plaintiff as he huffs and puffs and blusters and tries to instruct Judge Sullivan on the finer points of Copyright Law as he did with Your Honor at the Preliminary Injunction hearing. I am not going to "negotiate" with someone who brings no poker chips to the card table. As it was the order of this Court that I

attend, I will attend. But, as I said, the only thing this Defendant has to discuss with this Plaintiff is how Mr. Hoge and Mr. Krendler plan to compensate the Defendant for the abuse they've heaped upon him over the past year and a half.

THEREFORE: If it please the court, this Defendant prays for a swift and expedient ruling on his Motion for Summary Judgment which has been responded to by the Plaintiff and that response answered by the Defendant, in time to change the nature of this "doomed to failure" settlement hearing on August 14, 2014.

DATED:  AUGUST 4, 2014                              Respectfully submitted,

_____

William M. Schmalfeldt
6636 Washington Blvd. Lot 71
Elkridge, MD 21075
410-206-9637
bschmalfeldt@comcast.net

### Verification

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief and all copies are true and correct representations of the original documents.

William M. Schmalfeldt

### Certificate of Service

I certify that on the 14[h] day of August, 2014, I served a copy of the foregoing Reply to Plaintiff's Motion for Preliminary Injunction and Memorandum in Support of Defendants Motion to Dismiss by First Class Mail to W.J.J.Hoge III, 20 Ridge Road, Westminster, MD 21157, Certified, Return Receipt Requested.

William M. Schmalfeldt