U.S. DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
(Northern Division)

WILLIAM JOHN JOSEPH HOGE )
)
      *Plaintiff,* )
) Case Number 1:14-cv-01683 ELH
v. )
)
WILLIAM M. SCHMALFELDT )
)
      *Defendant.* )
_____)

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now comes Defendant William M. Schmalfeldt with this memorandum in reply to Plaintiff William John Joseph Hoge III's Opposition to Defendant's Motion for Summary Judgment. (ECF 45)

### MATERIAL FACTS NOT IN DISPUTE

In his response, Plaintiff listed a few items he believes are material facts that are still in dispute.

In Defendant's First Amended Answer to Plaintiff's Complaint (ECF 39) Defendant denied that Plaintiff routinely screens comments to his Hogewash.com blog for "editorial suitability." (ECF 45 (a)) It is not clear to the Defendant how this rises to the level of a "material fact" in a copyright

infringement lawsuit, since the Plaintiff brings it up the Defendant will reply. Exhibit A shows several examples of Plaintiff allowing comments that are either "obscene" or "grossly off topic." Therefore, the issue is not in dispute and therefore, this reason to deny Defendant's request for Summary Judgment evaporates.

Plaintiff presents Defendant's lack of knowledge of whether or not the Plaintiff actually purchased the pseudonymous "Paul Krendler's" copyright for "Krendler's" "The Thinking Man's Zombie" blog post of April 10, 2014 as a "material fact" that is "still in dispute." That might be true if the Plaintiff had, in fact, submitted a copyright application with the U.S. Copyright Office prior to filing the instant case. As previously established, Plaintiff filed his copyright application for the work he purportedly purchased from "Krendler" on June 7 – 11 days after filing the instant case on May 27, 2014. This court has a copy of the Plaintiff's purported copyright application receipt so no need to kill another tree to reprint it. As this court made very clear in its Memorandum Opinion on Plaintiff's Motion for Preliminary Injunction (ECF 31):

> It is not entirely clear that the materials plaintiff introduced would satisfy the requirement articulated in Caner. See 2014 WL 2002835, at *13.

2

> It is also apparent that uncertainty exists as to whether a plaintiff's mere application for a copyright is sufficient, as a matter of law, to meet the statutory registration requirement found in Section 411(a). Although I need not resolve this issue in order to rule on plaintiff's preliminary injunction Motion, the uncertainty is a consideration in assessing plaintiff's ability to prevail on the merits in this case. (*Id* at p. 20)

In Footnote #7 on Page 19, this court opined:

> At the hearing, plaintiff claimed that he is entitled to pursue copyright claims in connection with material that was posted on Hogewash! and allegedly misused by defendant for a period of 90 days prior to plaintiff's June 2014 copyright application. Plaintiff cited 17 U.S.C. §412 to support his position. For purposes of ruling on the Motion, I need not reach the merits of plaintiff's contention that his copyright application in June 2014 has retroactive force. (*Id.* at p. 19)

If Plaintiff had cited 17 USC 411(a), he would have been forced to admit that he did not have standing to file a copyright infringement case on May 27, 2014.

> (a) Except for an action brought for a violation of the rights of the author under section 106A (a), and subject to the provisions of subsection (b), **no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.** In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights. The Register may, at his or her option, become a party to the action with respect to the issue of registrability of the copyright claim by entering an appearance within sixty days after such service, but the Register's failure to become a party shall not deprive the court of jurisdiction to determine that issue. (***Emphasis added***)

3

Although there is controversy among the various Circuit Courts of Appeal as to whether to follow the Application Approach or the Registration Approach in determining eligibility to file a copyright infringement suit, there is no controversy over having to file a copyright application before filing a copyright infringement suit. If this Court applies the black letter law in this case, then this case would be dismissed and this is no longer a material fact in dispute.

The Plaintiff is playing fast and loose in (c) of his response to Defendant's Motion for Summary Judgment, although the Defendant's assertion of denial in his Amended Answer to Plaintiff's Amended Complaint could have been more artful. Instead of merely stating "denied" as his reply, Defendant should have admitted he published "My Slow, Journalistic Death" on or about April 18, 2014, admitted that he reprinted the entire single line of Plaintiff's "Hogewash" post of April 14, 2014 *in toto*, that the e-book was offered for sale and copies were sold. What Defendant meant to deny was the Plaintiff's assertion that the use infringed on Plaintiff's copyright, as Plaintiff's extant terms of service allowed such publication. Plaintiff objects to what he calls a lack of linkage back to Hogewash.com in the e-book Chapter 13. Exhibit B demonstrates the falsity of this assertion as each of the comments published in the e-book contained

a link back to hogewash.com. Whether or not the Plaintiff is aware that the little yellow line under a series of words constitutes the presence of a hyperlink is unknown, however, it boggles the imagination to think that a NASA-employed engineer would not recognize a hyperlink when he sees one, let alone more than a hundred in a series of pages. Since the use was allowed under Plaintiff's extant terms of service, and since Plaintiff did not file a copyright application before filing his copyright infringement suit, this is not a material fact in dispute.

In his Declarations accompanying the Plaintiff's Response to Defendant's Motion for Summary Judgment, he includes a redacted e-mail which he purports to be proof that he purchased the "world book and e-book rights" to the portion of pseudonymous blogger "Paul Krendler's" April 10 blog post. This is mooted by the fact that Plaintiff filed the instant case on May 27 but did not apply for copyright for the work until June 7. Plaintiff seems to believe and cites cases to support his mistaken contention that filing an amended complaint restarts a lawsuit. Of course, this is not the case.

In *MadStad Engineering, Inc. v. U.S. Patent and Trademark Office*, No. 8:12-cv-01589-SDM-MAP (M.D. Fla), the court decided that a plaintiff cannot "manufacture standing" in order to proceed with an infringement suit.

> On appeal, MadStad argues that the district court incorrectly assumed that it would not purchase additional security equipment because of the AIA (Leahy–Smith America Invents Act). MadStad contends that it has already suffered injury attributable to the AIA because it did purchase and implement enhanced security measures after the passage of the AIA. MadStad further insists that the district court incorrectly assumed that computer hacking is an "exotic scenario." MadStad contends that it detects intrusions on its system every week and points to a number of statistics that indicate computer hacking is prevalent in the United States.
>
> MadStad's arguments miss the mark. In order to establish standing, the injury must be, inter alia, "fairly traceable to the challenged action." *Monsanto*, 561 U.S. at 149. The point of the district court's analysis was not to downplay the risk of hackers, but to emphasize all of the unlikely steps required for MadStad to suffer injury fairly traceable to any alleged increased risk of hacking caused by the AIA. *See MadStad*, 2013 WL 3155280, at *6. The mere fact that MadStad, like all other people and companies, faces cyber threats does not create standing. In fact, MadStad cites statistics that indicate hacking was a growing threat well before the AIA was even enacted. (*Id.*)

The *MadStad* court cited the United States Supreme Court ruling in *Clapper v. Amnesty International USA*, — U.S. —, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013)

> The Supreme Court held that Amnesty did not have standing to assert a constitutional challenge to FISA because its argument rested on its speculative, subjective fear that:
>
> (1) the Government will decide to target the communications of non-U.S. persons with whom they communicate; (2) in doing so, the Government will choose to invoke its authority under § 1881a rather than utilizing another method of surveillance; (3) the Article III judges who serve on the Foreign Intelligence Surveillance Court will conclude that the Government's proposed surveillance procedures

satisfy § 1881a's many safeguards and are consistent with the Fourth Amendment; (4) the Government will succeed in intercepting the communications of [Amnesty's] contacts; and (5) [Amnesty] will be [a] part[y] to the particular communications that the Government intercepts.

*Id.* at 1148. Because it found each of these steps highly speculative and contingent on specific choices by the Government, the FISA Court, and Amnesty itself, the Supreme Court "decline[d] to abandon [its] usual reluctance to endorse standing theories that rest on speculation about the decisions of independent actors." *Id.* at 1150.

For the reasons stated above, Plaintiff's "purchase" of "Krendler's" blog entry is no longer a "material fact in dispute".

Defendant understands that "tone of voice" does not translate well in the printed word. As a writer, Defendant assumes the reader will be intelligent enough to "get the joke" without having to be told it's a joke. When Defendant wrote in his book "Intentional Infliction" that he did not believe that Krendler would sue him for using the material because he would have to reveal his identity to do so, the Defendant meant it as a sarcastic aside, not as "expectation that Defendant would be sued" as Plaintiff alleges. This sort of scenario is a recurring theme in Defendant's dealings with the Plaintiff. The Plaintiff took "Beware the Ides of March" to be a death threat aimed at him. Defendant has learned that in his communications with Plaintiff, he has to be clear and careful in his choice of words, as if talking to a child, as the Plaintiff is likely to either inadvertently or advertently

7

misunderstand or misrepresent what Defendant said or wrote in an effort to twist the statement to Plaintiff's advantage.

In paragraph (i) of Plaintiff's response to Defendant's Motion for Preliminary Judgment, Plaintiff goes on about his various counts against the Defendant. These counts as alleged by Plaintiff are all moot as a result of the fact that he did not apply for copyright applications for the March, April and May "editions" of Hogewash until June 5, after instigating the instant suit on May 27. Therefore, because of 17 USC 411(a), these counts cannot be considered a material fact in dispute.

In what Defendant fears is yet another effort to confuse the issue and muddy the waters for the Court, in paragraph (j) of his Response, he alludes to Defendant's allegation that Plaintiff attempted to register copyrights for works in the public domain. It is true that Plaintiff attempts to do so as he does not exclude any of the 70 NASA photos included in his registration of the March, April and May 2014 "issues" of Hogewash as prescribed by the US Copyright Office. The Plaintiff denies he attempted to register these items, but there is no indication that he sets these images aside as he attempts to register three months worth of blog posts. However, the issue is mooted – again – by the fact that the Plaintiff did not apply for a Copyright

until June 5, after filing the instant case on May 27. Therefore, this is not a material fact in dispute.

In paragraph (k) Plaintiff complains that Defendant accuses him of trying to register the Defendant's work under his own copyright. Using the same rationale as demonstrated by his failure to set aside the NASA photographs from his blanket copyright applications, Plaintiff does not set aside the portions of Defendant's blog that were used on Plaintiff's blog. Again, the issue is mooted by the fact that the Plaintiff did not apply for a Copyright until June 5, after filing the instant case on May 27. Therefore, this is not a material fact in dispute.

In paragraph (l), the Plaintiff complains about Defendant's allegation that he comes to the instant case with unclean hands. There are instances, despite Plaintiff's denials, where he used substantial portions of Defendant's blog on his own blog. Yet, the issue is mooted – again – by the fact that the Plaintiff did not apply for a Copyright until June 5, after filing the instant case on May 27. Therefore, this is not a material fact in dispute.

In paragraph (m), Plaintiff alleges that Defendant asserts Plaintiff's copyright applications are "defective on multiple grounds". He fails to describe these grounds. However, the issue is mooted – again – by the fact

that the Plaintiff did not apply for a Copyright until June 5, after filing the instant case on May 27. Therefore, this is not a material fact in dispute.

Since none of the so-called "Material Facts" alleged by Plaintiff as still being in dispute are, in fact, in dispute, this Court should grant Defendant's motion for Summary Judgment at the earliest possible time.

Plaintiff alleges the motion is premature as he should be allowed sufficient time to conduct discover as to fully develop a cross motion and supporting memorandum and to allow for the possibility of settlement via ADR, the Defendant is at a loss for a legally acceptable word for "balderdash." For one thing, there will be no settlement of this copyright case in ADR as the Plaintiff does not have a valid complaint, again, having filed his copyright applications a week and more after filing the instant case. There may be a settlement of the incipient counterclaim. Time will tell.

But as far as Plaintiff's assertion that Defendant misapplied the law to some of the undisputed facts? Again, we reach into the lectionary of terminology in search for a word that is similar to "balderdash" that won't offend the Court's sensibilities.

Hoge argues that his filing of an Amended Complaint means the original complaint is null and void. While that may be true, filing an amended complaint, as explained earlier, does not restart a copyright

10

infringement suit and, as elucidated in *MadStad v. UPSTO*, one cannot "manufacture standing" as a case progresses.

Hoge goes into a long treatise about the effect of amending a complaint and so on and so on, but none of it deals with the very real fact that once a lawsuit is filed, the lawsuit is filed. And 17 USC 411(a) must be applied.

The Plaintiff makes the point about my admitting that the copyright applications were filed as if that somehow proves his case. Of course they were filed. Defendant and the Court saw what the Plaintiff purports is the application. Hoge says, this "amounts to a judicial admission of the filings."

OK.

Despite this Court's lesson in the meaning of the decision in *Collins v. Does 1-22*, 11-cv-01772-AW, Hoge resurrects it and tries to reanimate it as an argument for the validity of his registration. In the memorandum opinion for the Plaintiff's Preliminary Injunction, as stated earlier in this brief, the Court addressed the fallacy of that contention.

Plaintiff alleges that the Defendant "misunderstands copyright abuse." One of Plaintiff's failings is his assumption that he is the only one who understands the legal issues in these matters, as demonstrated by his multiple

attempts to instruct this Court on the finer points of copyright law in the Preliminary Injunction hearing.

Copyright misuse has nothing to do with Defendant's "argument for invalidating Plaintiff's copyright registration." The applications are invalid because… they are invalid. He attempted to file three months worth of Hogewash blogs as a "daily newsletter" when the blog does not fit the requirements as described in Circular 62a definitions of a "daily newsletter." Hogewash is not "a work for hire." It is a hobby blog. It is not news intended for a special interest group, like a church, club, association, school, etc. In fact (Exhibit C), Mr. Hoge explains that he writes what interests him and if anyone else reads it, that means they are interested in it as well.

Despite the very nice story about the Morton Salt Shaker, that has nothing to do with my allegations of copyright misuse which are part of the counterclaim, not the copyright infringement case.

Hoge again argues (in case the Court missed it several pages earlier) that he did not try to register copyright for works that do not belong to him. However, as Defendant demonstrates earlier in this brief, Hoge makes no exception in his applications for the public domain NASA photos, or the portions of the Defendant's blog – all of which are grouped and included in his improper registration of the blog as a Daily Newsletter.

Whether or not charges are brought against Mr. Hoge for violation of 17 USC 506(c) or (e) is a matter for this court or law enforcement. It has no bearing on the copyright infringement case.

In as much as the Plaintiff, fresh off the glory of his single victory against this Defendant in the granting of a Peace Order, Hoge warned Defendant not to contact him unless it was about a settlement offer. By "settlement offer," Hoge means a decision about how much I intend to pay him. So, Defendant is forced to wonder just how in the world he was supposed to coordinate with Hoge over whether or not the Plaintiff intended to file a cross motion. In fact, on July 29, 2014, Plaintiff attempted to file a Peace Order against Defendant for the crime of contacting him via e-mail for something that did not relate directly to a settlement offer. The Peace Order was denied by the District Court. Hoge has appealed to the Carroll County Circuit Court. (Exhibit D)

Given that contacting Hoge for any reason is like trying to pet a rattlesnake, Defendant is loath to discuss anything with Plaintiff.

As stated earlier, Defendant sees no reason to enter into a settlement discussion with the Plaintiff as there is nothing to discuss. This Defendant is certainly not going to give into Plaintiff's monetary demands or any other demand related to the alleged infringement. Defendant will attend the

hearing on August 14 as ordered, but other than the terms of settlement of Defendant's counterclaim, Defendant has absolutely nothing to discuss with the Plaintiff as regards to the copyright infringement case, and this Court can render the whole point moot by granting Defendant's motion for a summary judgment, or by dismissing Plaintiff's infringement case *sua sponte.*

WHEREFORE, Mr. Schmalfeldt asks the Court to rein in Mr. Hoge's vexatious, vindictive use of the court system, to deny any and all motions filed by Plaintiff in the copyright infringement case, GRANT summary judgment or DISMISS the case *sua sponte* or however else this Court can bring this bad law school examination of a case against this Defendant to a halt and allow the Defendant to proceed with his counterclaim.

DATED:  AUGUST 4, 2014                                Respectfully submitted,

_/s/ William M. Schmalfeldt_

William M. Schmalfeldt
6636 Washington Blvd. Lot 71
Elkridge, MD 21075
410-206-9637
bschmalfeldt@comcast.net

**Verification**

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief and all copies are true and correct representations of the original documents.

William M. Schmalfeldt

**Certificate of Service**

I certify that on the 14ʰ day of August, 2014, I served a copy of the foregoing Reply to Plaintiff's Motion for Preliminary Injunction and Memorandum in Support of Defendants Motion to Dismiss by First Class Mail to W.J.J.Hoge, 20 Ridge Road, Westminster, MD 21157, Certified, Return Receipt Requested.

William M. Schmalfeldt

15